

199 Liberty St., SW
Leesburg, VA 20175
(202) 230-7985
subpoena@dgwlegal.com

Wednesday, May 19, 2010

**VIA FIRST CLASS MAIL**
Dmitriy Shirokov
30 Minot Avenue
ATN MA 01720

RE: **COPYRIGHT INFRINGEMENT OF *FAR CRY* - Settlement Purposes Only Not Admissible Under Fre 408**
U.S. Federal District Court for the District of Columbia
Civil Action No. 10-00453
Plaintiff: Boll AG
Your IP Address: 72.93.84.75
ISP Providing Information: Verizon Internet Services
Date and Time of Alleged Infringement: 12/11/2009 3:26:18 AM

Dear Dmitriy Shirokov:

Our law firm has filed a Federal copyright infringement lawsuit in the U.S. District Court for the District of Columbia on behalf of our client, Achte/Neunte Boll Kino Beteiligungs Gmbh & Co KG (Boll AG). The suit was filed against 2,049 John Doe Defendants, and then amended to include a total of 4,577 Doe Defendants. We subsequently obtained identifying contact information for many of these Defendants from their Internet Service Providers (ISPs). **The Amended Complaint filed in this case can be viewed at www.farcry-settlement.com.** Your contact information was supplied to us by your ISP as one of the Defendants who has illegally obtained or shared our client's copyrighted motion picture through a peer-to-peer network *[Gnutilla, BitTorrent etc.]*. We are sending you this letter as a courtesy before we are required to take more formal legal action which would involve adding you as a named Defendant to the lawsuit.

According to our records, you have placed a media file which contains the copyright-protected film content for our client's motion picture entitled ***Far Cry*** in a shared folder location enabling others to download copies of this content. In addition, we have evidence that the P2P client software that you used to obtain or share the film was Azureus 4.3.0.4, and that your file hash factor (a mathematical function through which a file can be indentified with certainty) was BTiH: 3VTZAHVWFCHJVS6TYGPBK3XPLAFUGMCM. We also have obtained the file name of the movie, the file size and the GUID, all corresponding to an IP address that was assigned to your ISP account at the time the infringing activity occurred.

Copyright infringement (in this case obtaining a film without paying for it or sharing a film with others who have not paid for it) is a very serious problem for the entertainment industry. The law provides protection for copyright owners through the Federal copyright statute found at 17 U.S.C. §§ 501-506, which allows the copyright owner to impound your material, recover their attorney's fees, and seek damages of $750 - $150,000 per work, depending on the circumstances surrounding the infringement. While it is too late to undo the illegal file sharing you have already done, we have prepared an offer to enable the rights holder to recoup the damages incurred by your actions, and defray the costs of preventing this type of activity in the future.

In exchange for a comprehensive release of all legal claims which will enable you to avoid becoming a named Defendant in the lawsuit, our firm is authorized to accept the sum of **$1,500** as full settlement for its claims. **This offer will expire at 5pm EST on June 11, 2010**. Thereafter, our client will accept no less than the sum of **$2,500** to settle this matter, but this increased settlement offer will expire on June 30, 2010. In addition, you must remove the file from the shared folder or location where our client's film can be shared or copied within three (3) days of paying a settlement. If you have chosen not to settle by June 30th, we may add you to the list of defendants to be served with a lawsuit.

So essentially, you can avoid being named as a Defendant in the lawsuit if you act before June 30th. You may pay the settlement amount by (a) a check mailed to our address shown in the top right corner of this letter (include the signed



Release & Settlement Agreement with your payment, available for printing at www.farcry-settlement.com); or (b) by credit card on our online settlement payment site, also located at www.farcry-settlement.com. Once we have processed the settlement, we will return to you a confirmation by email that your payment has been processed and you have been released from the lawsuit.

We look forward to resolving this without further action on our part, however if you do not comply with the above requests we may be forced to name you as a Defendant to the lawsuit and proceed directly against you on behalf of our client. If forced to do so, our client will be seeking to recover the maximum amount of fees provided under the Copyright Act for copyright infringement, which is up to $30,000 per illegally downloaded film, plus attorneys' fees and costs of litigation. Because torrent file-sharing requires *deliberate* action by the uploader or downloader of a movie, we may be able to prove that your actions were intentional, rather than just negligent. In the event we are able to prove that the infringement was intentional, our client will be seeking the maximum statutory damages allowed by the Copyright Act in the amount of $150,000 per infringement, attorneys' fees and costs.

We feel that in light of the verdicts awarded in recent cases, our client's $1,500 settlement offer is extremely reasonable. For example, in the case of Sony BMG Music Entertainment v. Tenenbaum (D. Mass.) [1:07-cv-11446], a $675,000 jury verdict against a Boston University graduate student for illegally downloading and sharing 30 songs was recently upheld. This means that the jury awarded $22,500 per illegally-shared song. We think that by providing our Doe Defendants an opportunity to settle our client's claim for $1,500 instead of having to incur thousands of dollars in attorneys' fees and being at risk for a high jury verdict, our client is acting reasonably and in good faith.

You have been on notice of our claim since you received the notice from your ISP that we subpoenaed your information. **Please consider this letter to constitute formal notice that until and unless we are able to settle our client's claim with you, we demand that you not delete any media files from your computer.** If forced to proceed against you in the lawsuit, we will most certainly have a computer forensic expert inspect your computer in an effort to locate the subject movie file, or to determine if you have deleted any media files since receipt of the notice of the subpoena from your ISP. If in the course of litigation the forensic computer evidence suggests that you did delete media files following receipt of the letter from your ISP, our client will amend its complaint to add a spoliation of evidence claim against you. Be advised that if we were to prevail on this additional claim, the court could award monetary sanctions, evidentiary sanctions and reasonable attorneys' fees. If you are unfamiliar with the nature of this claim in this context, please consult an attorney and review the following cases: Paramount Pictures Corp. v. Davis, 234 F.R.D. 102, 77 U.S.P.Q.2d 1933 (E.D. Pa. 2005); U.S.C.A. Arista Records, L.L.C. v. Tschirhart, 241 F.R.D. 462 (W.D. Tex. 2006); and U.S. ex rel. Koch v. Koch Industries, Inc., 197 F.R.D. 488 (N.D. Okla. 1999).

**We strongly encourage you to consult with an attorney to review your rights and risk exposure in connection with this matter.** You should also visit the Frequently Asked Questions web page we have posted at www.farcry-settlement.com, which will provide additional information and hopefully answer many of the questions you have. We thank you in advance for your anticipated cooperation in this matter, and we look forward to resolving our client's claim against you in an amicable fashion, through settlement.

Sincerely,

_____
Nicholas A. Kurtz, Esq., on behalf of
Dunlap, Grubb & Weaver, PLLC