UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DMITRIY SHIROKOV, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| DUNLAP, GRUBB & WEAVER PLLC; US COPYRIGHT GROUP; THOMAS DUNLAP; NICHOLAS KURTZ; GUARDALEY, LIMITED; and ACHTE/NEUNTE BOLL KINO BETEILIGUNGS GMBH & CO KG, | ) ) ) ) ) ) |
| Defendants. | ) ) |

Case: 1:10-cv-12043-GAO

**MOTION PURSUANT TO FED. R. CIV. P. 15(a)(2) FOR LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT, WITH SUPPORTING REASONS**

Plaintiff Dmitriy Shirokov ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorneys, submits this Motion Pursuant to Fed. R. Civ. P. 15(a)(2) for Leave of Court to File Second Amended Complaint. In support of the motion, plaintiff states as follows.

**MEMORANDUM IN SUPPORT OF MOTION**

1. This case is a proposed class action brought by Plaintiff Dmitriy Shirokov ("Plaintiff"), on behalf of himself and others similarly situated (collectively, the "proposed Class"), against Dunlap, Grubb & Weaver, PLLC, Thomas Dunlap, Nicholas Kurtz (collectively, the "Moving Defendants"), US Copyright Group,

<ol start="2">
<li>

Guardaley, Limited, and Achte/Neunte Boll Kino Beteiligungs Gmbh & Co KG (collectively, including the Moving Defendants, "Defendants").

</li>
<li>

Plaintiff filed his Class Action Complaint and Jury Demand ("Complaint") in this Court on November 24, 2010.

</li>
<li>

On January 25, 2011 the Moving Defendants filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss"). Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Plaintiff was then entitled to amend the Complaint on or before February 15, 2011. He did so by filing his First Amended Complaint on February 8, 2011.

</li>
<li>

Plaintiff seeks to file a Second Amended Complaint, which will (a) add a count of malicious prosecution; (b) replace the count in the First Amended Complaint, pleading consumer protection act violations in Massachusetts, Virginia, and Washington, D.C., with a count pleading only violations in Massachusetts under Mass. Gen. L. c. 93A; (c) add details to the recital of facts; (d) plead several of the counts for relief with greater specificity; (e) eliminate redundancies and correct certain drafting errors in the First Amended Complaint.

</li>
<li>

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff may now amend his pleading "with the opposing party's written consent or the court's leave." Accordingly, Plaintiff's counsel provided a copy of the Second Amended Complaint to opposing counsel on February 17, 2011. Opposing counsel has not responded to Plaintiff's request for consent.

</li>
</ol>

6.     By the present motion, Plaintiff seeks leave of court to file his Second Amended Complaint.

7.     As grounds for such motion, Plaintiff states the following.

    a.     "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This standard reflects "the 'liberal' amendment policy underlying Rule 15." *O'Connell v. Hyatt Hotels*, 357 F.3d 152, 155 (1st Cir. 2004). "Grounds for denial generally involve undue delay, bad faith, dilatory motive of the requesting party, repeated failure to cure deficiencies, and futility of amendment." *United States ex rel. Rost v. Pfizer, Inc.*, 507 F.3d 720, 733-34 (1st Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962). As no such grounds exist, leave to amend is appropriate.

    b.     Plaintiff seeks to amend his complaint a mere ten days after the First Amended Complaint, so there has been no undue delay nor dilatory motive. Amendment in such circumstances will cause no prejudice to Defendants at this early stage in the litigation. *See Crisp Human Capital Ltd. v. Authoria Inc.*, 613 F. Supp. 2d 136 (D. Mass. 2009) (allowing amendment of complaint prior to discovery and scheduling conference).

    c.     Nor has there been any repeated failure to cure deficiencies; rather, Plaintiff seeks to amplify, clarify, and sharpen the issues presented in his complaint.

    d.     Neither has Plaintiff shown bad faith. Plaintiff's counsel informed opposing counsel of its intention to amend the complaint on February 16, and provided the amended complaint to opposing counsel on February 17 for its review.

e.  Finally, amendment will not be futile. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Plaintiff has properly stated claims against the Defendants, including his new claim for malicious prosecution, which is appropriate in light of the December 14, 2010 dismissal, by the United States District Court for the District of Columbia, of Defendant Achte's claims against Plaintiff and thousands of other members of the proposed Class.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Motion Pursuant to Fed. R. Civ. P. 15(a)(2) for Leave of Court to File Second Amended Complaint be granted.

Dated: February 18, 2011

Respectfully submitted,

Dmitriy Shirokov

/s/ Daniel G. Booth
Daniel G. Booth (BBO# 672090)
BOOTH SWEET LLP
32R Essex Street, Suite 1
Cambridge, MA 02139
Telephone: (617) 250-8602
Facsimile: (617) 250-8883

*Counsel for Plaintiff and Proposed Class*

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

The undersigned counsel hereby certifies that I attempted to resolve or narrow the issues addressed in this motion by contacting Kara Thorvaldsen, counsel for Defendants Dunlap, Grubb & Weaver, PLLC, Thomas Dunlap, and Nicholas Kurtz, by electronic mail and telephone.

On Wednesday, February 16, 2011, I attempted to contact Attorney Thorvaldsen by telephone, and left a voicemail message for her informing her of Plaintiff's intention to file a Second Amended Complaint. She replied by e-mail that day, requesting a copy of the proposed amended complaint before the motion was filed, to determine whether said Defendants would object to the filing. I replied by e-mail and agreed to provide a copy of the proposed amended complaint the following day.

On Thursday, February 17, 2011, at 9:25 PM, I provided copy of the Second Amended Complaint by e-mail to Attorneys Thorvaldsen, George Rockas, and Matthew Lee (also counsel for Defendants), requesting their review and consent so that we might file the following day. This afternoon, Friday, February 18, 2011, I sent two e-mails to all three of them again requesting their determination, and informed them by e-mail that absent consent to amend, Plaintiff would also seek a second extension of time to respond to Defendants' pending motion to dismiss and motion for sanctions. I did not receive a response prior to filing the foregoing motion.

/s/ Daniel G. Booth

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2011, I electronically filed the foregoing Motion Pursuant to Fed. R. Civ. P. 15(a)(2) for Leave of Court to File Second Amended Complaint by using the ECF system.

I hereby certify that a true copy of the aforementioned documents will be served upon counsel of record for Defendants Dunlap, Grubb & Weaver, PLLC, Thomas Dunlap, and Nicholas Kurtz by Notice of Electronic Filing through the ECF system.

I further certify that true copies of the aforementioned documents will be served upon Defendants US Copyright Group, Guardaley, Limited, and Achte/Neunte Boll Kino Beteiligungs Gmbh & Co KG by mail sent on Tuesday, February 22, 2011.

/s/ Daniel G. Booth
Daniel G. Booth (BBO# 672090)
BOOTH SWEET LLP
32R Essex Street, Suite 1A
Cambridge, MA 02139
Telephone: (617) 250-8602
Facsimile: (617) 250-8883