## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DMITRIY SHIROKOV, on behalf of himself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) DUNLAP, GRUBB & WEAVER PLLC; US COPYRIGHT GROUP; THOMAS DUNLAP; NICHOLAS KURTZ; GUARDALEY, LIMITED; and ACHTE/NEUNTE Boll Kino Beteiligungs Gmbh & Co KG, ) ) ) ) ) ) ) Defendants. ) | **CLASS ACTION**<br><br>JURY TRIAL DEMANDED<br><br>Civ. A. No. 1:10-cv-12043-GAO |

### PLAINTIFF'S MOTION TO STRIKE

Plaintiff Dmitriy Shirokov ("Plaintiff") hereby moves for an order striking the first full paragraph on page 7 of the Reply to Plaintiff's Memorandum of Law in Opposition to Defendant Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. KG's ("Achte") Motion to Dismiss the Second Amended Class Action Complaint filed by Achte on July 25, 2011 ("Reply," Docket No. 64). In that paragraph, Achte seeks to multiply the scope of its Reply brief by incorporating a raft of arguments that are not properly before the Court.

On April 8, 2011, four of Achte's co-defendants (Dunlap, Grubb & Weaver, PLLC; US Copyright Group; Thomas Dunlap; and Nicholas Kurtz) filed a motion to dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 28). On April 22, 2011, Plaintiff filed an opposition to that motion to dismiss (Dkt. No. 32). On May 12, 2011, those co-defendants filed a motion seeking leave to file a reply "on or before May 27, 2011" (Dkt. No. 37, p. 1), to which Plaintiff filed an opposition on May 12, 2011 (Dkt. No. 40). Without waiting for

a ruling by the Court, those co-defendants filed their proposed, 14-page reply on June 1, 2011 using the ECF system (Dkt. No. 48).

On May 23, 2011, Achte filed its own motion to dismiss the Second Amended Complaint (Dkt. No. 48), accompanied by a 23-page memorandum of law (Dkt. No. 50). Plaintiff filed a response in opposition thereto on June 6, 2011 (Dkt. No. 51). Achte filed a motion on June 22, 2011 seeking "leave to file a reply brief of less than ten pages" (Dkt. No. 57, p. 1). On July 25, 2011, Magistrate Judge Boal entered an order granting that motion, and Achte filed its Reply. In full, the paragraph at issue in the Reply states,

> Achte/Neunte hereby adopts and incorporates by reference the arguments made by the co-defendants Dunlap Grubb & Weaver PLLC, Thomas Dunlap, Nicholas Kurtz, and U.S. Copyright Group in their proposed reply to the plaintiff's opposition to their motion to dismiss the Second Amended Class Action Complaint (Document No. 50).

Reply p. 7. That attempted incorporation is inappropriate for several reasons.

1. The Court has not yet ruled on Achte's co-defendants' motion for leave to file their proposed reply. As a result, the arguments in that proposed reply are not yet squarely before the Court. "The First Circuit has cautioned before that adoption of arguments by reference is a tricky business. *See United States v. David*, 940 F.2d 722, 727 (1st Cir. 1991). As a briefing technique, adoption should be employed sparingly. The party seeking to adopt an argument has a burden, at the very least, to ensure that it is squarely before the court and to explain how and why it applies in his case. *See id.* at 737 (warning that adoption 'cannot occur in a vacuum')." *United States v. Torres-Rosa*, 209 F.3d 4, 7 (1st Cir. 2000) (rejecting "lackadaisical attempt to incorporate by reference others' arguments"). When Plaintiff's counsel Jason Sweet called Kevin Cain (Achte's counsel) on August 4, 2011 to determine which specific arguments in the proposed reply Achte sought to adopt and incorporate, Attorney Cain represented that Achte was not aware that leave to file had not been granted. Because Achte correctly describes its purported source material as a

"proposed reply" (Reply p. 7), that claim appears to have been disingenuous, as Achte was evidently aware that the leave to file had not been granted.

2. Achte may not incorporate arguments into its Reply by reference without specificity. It is unclear from the Reply precisely which arguments Achte seeks to incorporate. *Id.* p. 7 (vaguely referencing "*the* arguments") (emphasis added). "The later pleading 'must specifically identify which portions of the prior pleading are adopted therein.'" *Lowden v. William M. Mercer, Inc.*, 903 F. Supp. 212, 216 (D. Mass. 1995) (quoting *Fed. Nat'l Mortgage Ass'n v. Cobb*, 738 F. Supp. 1220, 1227 (N.D. Ind. 1990)). In *Lowden*, a defendant "specifically identfie[d] the pages and the arguments it wishe[d] to incorporate by reference." *Id.* at 215. Achte's' attempted incorporation fails to meet this standard. It has not specified the additional arguments it seeks to incorporate, or even identified their page numbers. See also *Kolling v. Am. Power Conversion Corp.*, 347 F.3d 11, 17 (1st Cir. 2003) ("'references to prior allegations must be direct and explicit, in order to enable the responding party to ascertain the nature and extent of the incorporation'") (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1326); *Mann v. GTCR Golden Rauner, LLC*, 483 F. Supp. 2d 884, 890-91 (D. Ariz. 2007). Even Achte's counsel is confused. In their August 4 phone conversation, Attorney Cain told Attorney Sweet that he thought Achte's intention was to incorporate only arguments pertaining to the litigation privilege (the section immediately above the contested paragraph), but that he was not certain. More than 24 hours later, at 2:10:08 PM on August 5, 2011, Attorney Sweet received an email from Attorney Cain stating that instead, "Achte did intend to incorporate all of the arguments and not just the arguments that related to litigation privilege." This lack of clarity challenges Plaintiff's ability to respond to the arguments raised in Achte's Reply.

3. Achte's purported incorporation by reference seeks to exceed the page limit assigned to its Reply without leave of Court. Achte sought leave to file a reply brief of "less than ten pages," and was granted leave to do so. Excluding that paragraph, Achte's Reply is just over seven pages

long. But Achte's purported incorporation would circumvent the Court's limits by more than doubling its Reply's effective size. See *FDIC v. Homestead Mortgage Co.*, 2010 U.S. Dist. LEXIS 136392, *23 (E.D. Mich. Dec. 27, 2010) ("filing three separate motions to dismiss and/or for summary judgment ... not-so-cleverly circumvented the Court's page limitation on dispositive motions by making separate *arguments* for dismissal and presenting them in separate motions"); *Esso Standard Oil Co. v. Rodriguez-Perez*, 2005 U.S. Dist. LEXIS 818 (D.P.R. Jan. 20, 2005) (striking motion for Rule 11 sanctions whose length violated Local Rule); *Smiley v. Maloney*, 2003 U.S. Dist. LEXIS 24902, *56 (D. Mass. Oct. 31, 2003) (O'Toole, J.) ("If counsel desires our consideration of a particular argument, the argument must appear within the four corners of the brief filed in this court.") (quoting *Katz v. King*, 627 F.2d 568, 575 (1st Cir. 1980)), *subsequently aff'd*, 422 F.3d 17 (1st Cir. 2005).

Achte attempts to use the paragraph at issue as a shortcut to place new arguments before the court without leave, as a shoe-horn for wedging in arguments it could not fit in the briefing space it chose for itself, and as flypaper to catch an uncertain, unspecified number of arguments. This asks too much.

WHEREFORE, Plaintiff respectfully moves this Court to strike the first full paragraph on page 7 of Achte's Reply, and to ignore its attempted incorporation by reference to unspecified arguments when ruling on Achte's motion to dismiss. In the alternative, should the Court not strike said paragraph, Plaintiff moves for leave to file an additional surreply directly addressing the issues raised in Ache's co-defendants' motion that the Court deems incorporated in the Reply.

Dated:  August 5, 2011                           Respectfully submitted,

Dmitriy Shirokov

/s/  Jason Sweet
Jason Sweet (BBO# 668596)
BOOTH SWEET LLP

32R Essex Street, Suite 1
Cambridge, MA 02139
Telephone: (617) 250-8602
Facsimile: (617) 250-8883

*Co-Counsel for Plaintiff and Proposed Class*

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, Jason Sweet, hereby certify that on August 4, 2011, I informed Achte's counsel Kevin Cain, by telephone, that Plaintiff anticipated filing a proposed surreply to Achte's Motion to Dismiss, seeking to determine the specific target of Achte's purported incorporation by reference in its Reply brief. Attorney Cain represented that he believed the Reply was intended to incorporate only the section of its co-defendants' proposed reply relating to the litigation privilege. On August 5, 2011, I sent Attorney Cain an e-mail message to request Achte's assent to the Plaintiff's motion for leave to file a surreply.  On August 5, 2011, I received an e-mail message from Attorney Cain stating,  "[a]s for your qeustion about the incorporation reference on page 7 of the Achte brief, we did intend to incorporate all of the arguments and not just the arguments that related to litigation privilege."

/s/  Jason Sweet

## CERTIFICATE OF SERVICE

I hereby certify that on this August 5, 2011, I electronically filed the foregoing Plaintiff's Motion to Strike by using the ECF system, thereby causing a true copy thereof to be served upon counsel of record for each Defendant identified on the Notice of Electronic Filing.

/s/  Jason Sweet