UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
DMITRIY SHIROKOV, on behalf of      )
himself and all others similarly situated,  )
                                    )
            Plaintiff,              )
                                    )
      v.                            )     Civil Action No. 10-12043-GAO
                                    )
DUNLAP, GRUBB & WEAVER              )
PLLC, et al.,                       )
                                    )
            Defendants.             )
_____)

**REPORT AND RECOMMENDATION ON DUNLAP**
**DEFENDANTS' MOTION FOR RULE 11 SANCTIONS**
[Docket No. 30]

March 1, 2012

Boal, M.J.

        In this proposed class action, Plaintiff Dmitriy Shirokov ("Shirokov") alleges that the

defendants defrauded him and thousands of similarly situated individuals.  He alleges that the

defendants entered into a fraudulent "copyright scheme," whereby the defendants attempted to

extort settlement payments from the plaintiff and the members of the putative class.  All of the

defendants moved to dismiss the second amended complaint.  Defendants Dunlap, Grubb &

Weaver PLLC ("DGW"), Thomas Dunlap ("Dunlap"), Nicholas Kurtz ("Kurtz"), and the US

Copyright Group ("USCG") (collectively, the "Dunlap Defendants") also moved for sanctions

under Rule 11 of the Federal Rules of Civil Procedure.  For the following reasons, this Court

recommends that the District Judge DENY the Dunlap Defendants' motion for sanctions.

I.      PROCEDURAL HISTORY

        Shirokov filed his original complaint on November 24, 2010.  (Docket No. 1).  In

response, the Dunlap Defendants filed a motion to dismiss the complaint and a motion for

sanctions under Rule 11 of the Federal Rules of Civil Procedure.  (Docket Nos. 4, 6).

        On February 8, 2011, Shirokov filed a First Amended Complaint.  (Docket No. 10).  The

Dunlap Defendants filed renewed motions to dismiss and for sanctions under Rule 11 on

February 22, 2011.[1]  (Docket Nos. 15, 17).

        On March 9, 2011, the District Court granted Shirokov's motion to file a Second

Amended Complaint and Shirokov filed such complaint on March 18, 2011.  (Docket Nos. 25

and 26).  All defendants moved to dismiss the Second Amended Complaint.  (Docket Nos. 28,

42, 46).  This Court recommended that those motions be allowed in part and denied in part.

(Docket No. 79).

        The Dunlap Defendants have also filed a renewed motion for sanctions under Rule 11.

(Docket No. 30).  On May 13, 2011, the District Court referred the motion for sanctions to this

Court for a report and recommendation.

---

[1] The Dunlap Defendants argue that, at a minimum, the District Court should impose sanctions
equal to the costs and attorneys' fees associated with responding to the original and first
amended complaints.  (Docket No. 31 at 4).  They argue that the fact that Shirokov withdrew or
substantially redrafted several of his claims reveals that Shirokov acknowledged the merit of the
Dunlap Defendants' motions to dismiss and for sanctions.  (Id. at 4-5).  This Court disagrees.
Pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, the plaintiff has the right to
amend the complaint once as a matter of course within 21 days after service of a motion to
dismiss.  Fed. R. Civ. P. 15(a)(1)(B).  Rule 15 allows for such an amendment to allow the
plaintiff an opportunity to consider and correct any deficiencies in the complaint.  See Advisory
Committee Notes to 2009 Amendments to Fed. R. Civ. P. 15(a).  Rule 15(a)(2) also allows for
subsequent amendments with leave of court.  Fed. R. Civ. P. 15(a)(2).  Here, Shirokov filed the
first amendment complaint as of right and the second amended complaint with leave of court.
Having followed Rule 15 for its intended purpose and this Court having found that Shirokov and
his counsel's conduct is not sanctionable, the Court declines to recommend that the District
Court impose the costs and attorneys' fees associated with responding to the original and first
amended complaints.

The Court heard oral argument on February 15, 2012.

II.    FACTUAL BACKGROUND

The Court sets forth Shirokov's factual allegations in detail in its Report and Recommendation On Defendants' Motions to Dismiss the Second Amended Complaint.  (Docket No. 79).  The Court will not repeat the background facts contained in that decision, but briefly summarizes the nature of Shirokov's claims.

Shirokov alleges that DGW, in connection with USCG, Dunlap, Kurtz, GuardaLey, Limited ("GuardaLey"), and Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. KG ("Achte"), has developed a "copyright scheme," by which the defendants have extorted millions of dollars in settlement payments.  According to Shirokov, GuardaLey monitors and records online instances of alleged copyright infringement of motion pictures.  (Second Amended Complaint ("Complaint"), ¶ 4).  USCG then provides GuardaLey's information regarding the alleged infringement to film industry clients, but cautions them that civil prosecution of copyright claims is not "practical," in light of the financial status of individual infringers.  (Id.).

On the basis of GuardaLey's records, the Dunlap Defendants filed a single civil complaint in the United States District Court for the District of Columbia against hundreds of John Does from all around the country, regardless of the jurisdiction where the infringement took place.  (Complaint, ¶ 6).  The Dunlap Defendants then petitioned the court to issue subpoenas to Internet Service Providers ("ISPs"), to obtain the contact information of the alleged infringers. (Id.).

Armed with the contact information provided by the ISPs, the Dunlap Defendants sent virtually identical settlement demand letters to the alleged infringers.  (Complaint, ¶ 7).  The letters demanded $1,500 to $2,500 from each recipient, under deceptive threats of impending

litigation.  (Id.).  According to Shirokov, the Dunlap Defendants and their clients have no

intention of litigating any of these claims, should the alleged infringer refuse to pay the

demanded amount.  (Complaint, ¶ 8).

In Shirokov's case, on or around May 19, 2010, he received a letter from Kurtz, accusing

him of infringing the copyright for Achte's film Far Cry and demanding a settlement payment of

$1,500, increasing to $2,500 if not sent promptly.  (Complaint, ¶ 158 and Exhibit N thereto).

The letter threatened Shirokov with litigation and stated that he was facing statutory damages

ranging from $30,000 to $150,000 and the payment of Achte's legal fees.  (Ex. N to Complaint).

According to Shirokov, however, Achte, with the help of DGW and Dunlap, had procured the

copyright registration through fraudulent statements made to the Copyright Office.  (See

generally Complaint, ¶¶ 44-57, 90-130).  Due to the intentional misstatements to the Copyright

Office, Achte's copyright registration was invalid and it would not be entitled to statutory

damages in the event of infringement.  (Id.).  For every act of infringement allegedly committed

by Shirokov and others, the most that Achte could recover was $26.99, the list price of a new

DVD of Far Cry.  (Complaint, ¶¶ 219-221).

Shirokov did not pay to settle Achte's claims.  (Complaint, ¶ 232).  He did incur costs in

retaining counsel "in reliance on the false allegations of the Letter and in order to determine the

merits of its claims . . ."  (Id.).  He then commenced this action.  He brought nineteen causes of

action, including conspiracy, Computer Fraud and Abuse Act claims, RICO violations, fraud on

the court, abuse of process, malicious prosecution, fraud on the Copyright Office, copyright

misuse, and unfair and deceptive practices under Chapter 93A.

All of the defendants moved to dismiss Shirokov's claims.  (Docket Nos. 28, 42, 46).

The Dunlap Defendants argued, inter alia, that Shirokov has no standing under Article III of the

Constitution to bring this case, and that his claims are barred by the <u>Noerr-Pennington</u> Doctrine

and the Massachusetts litigation privilege.  (Docket No. 29 at 15-23).  In addition, they moved to

dismiss most of the counts of the Complaint on the grounds that such counts failed to state a

claim.  (Docket No. 29 at 23-42).

     This Court recommended that the District Court deny the Dunlap Defendants' motion to

the extent it was based on standing, the <u>Noerr-Pennington</u> doctrine, and the Massachusetts

litigation privilege.  However, this Court agreed that most of the Complaint's counts failed to

state a claim but further found that the misrepresentation, conspiracy and Chapter 93A claims

(Counts 1-3, 8, and 18) survive as against the Dunlap Defendants.[2]

III.   <u>ANALYSIS</u>

    A.   <u>Standard of Review</u>

     "Rule 11 permits a court to impose sanctions on a party or lawyer for advocating a

frivolous position, pursuing an unfounded claim, or filing a lawsuit for some improper purpose."

<u>CQ Int'l Co., Inc. v. Rochem Int'l, Inc., USA</u>, 659 F.3d 53, 60 (1st Cir. 2011).  Rule 11,

however, "is not a strict liability provision, and a showing of at least culpable carelessness is

required before a violation of the Rule can be found."  <u>Id.</u> (quoting <u>Citibank Global Mkts., Inc. v.

Santana</u>, 573 F.3d 17, 32 (1st Cir. 2009)).  "The mere fact that a claim ultimately proves

unavailing, without more, cannot support the imposition of Rule 11 sanctions."  <u>Id.</u> (quoting

<u>Protective Life Ins. Co. v. Dignity Viatical Settlement Partners, L.P.</u>, 171 F.3d 52, 58 (1st Cir.

---

[2] Although the Dunlap Defendants moved to dismiss the entirety of the Complaint on standing, <u>Noerr-Pennington</u> doctrine, and litigation privilege grounds, they did not move to dismiss Counts 1 and 2 (fraudulent misrepresentation and fraudulent omissions/nondisclosure) on any other grounds.  At oral argument, their counsel suggested that they did not move to dismiss Counts 1 and 2 because of the twenty-page limit on legal briefs.  However, the District Court granted them leave to file a brief in support of their motion to dismiss of thirty-five pages.  (Docket No. 25). Under the circumstances, thirty-five pages was more than sufficient to set forth any arguments in support of their motion to dismiss, including any arguments regarding Counts 1 and 2.  In the alternative, the Dunlap Defendants could have asked the District Court for a longer page limit.

1999)); see also Kusek v. Kusek, 461 B.R. 691, 698 (1st Cir. BAP 2011) ("Every misinformed

legal argument does not entitle its opponent to requital.").[3]

      Whether a party breaches his duty under Rule 11 to conduct a reasonable inquiry into the

facts and the law "depends on the objective reasonableness of the litigant's conduct under the

totality of the circumstances."  CQ Int'l Co., Inc., 659 F.3d at 62 (citation omitted).  In

determining whether a party has failed to comply with Rule 11, the Court may examine a number

of factors, including "the complexity of the subject matter, the party's familiarity with it, the time

available for inquiry, and the ease (or difficulty) of access to the requisite information."  Id. at

62-63 (citing Navarro-Ayala v. Nunez, 968 F.2d 1421, 1425 (1st Cir. 1992)).  A party need not

carry an investigation "to the point of absolute certainty."  Id. at 63 (quotation omitted).  "Rather,

it is sufficient if a factual contention 'will likely have evidentiary support after a reasonable

opportunity for further investigation or discovery.'"  Id. (citing Fed. R. Civ. P. 11(b)(3)).  "At its

core, the imposition of sanctions is a judgment call."  Nyer v. Winterthur Int'l, 290 F.3d 456, 462

(1st Cir. 2002) (citations omitted).

      Rule 11 is "intended to facilitate case management, not to increase caseload by requiring

a district court to analyze the reasonableness of legal and factual contentions that it would

otherwise not have to ascertain."  CQ Int'l Co., Inc., 659 F.3d at 62.  The First Circuit has stated

that "[it] will not invite full-scale satellite litigation in the area of sanctions, nor will [it] require

district courts to spend valuable judicial resources in punctiliously analyzing the reasonableness

of each and every legal and factual contention made by a party where . . . such analysis is not

necessary to resolve the merits of the central claim in dispute."  Id.

---

[3] Although the Bankruptcy Appellate Panel's decision was based upon Rule 9011 of the Federal
Rules of Bankruptcy Proceeding, Rule 9011 is derived from Fed. R. Civ. P. 11 and the First
Circuit has explained that "Rule 11 jurisprudence is largely transferable to Rule 9011 cases."  In
re D.C. Sullivan Co., Inc., 843 F.2d 596, 598 (1st Cir. 1988).

B.      Rule 11 Sanctions Are Not Warranted In This Case

The Dunlap Defendants argue that Rule 11 sanctions are warranted in this case because Shirokov continues to press claims which he has no standing to bring on his own behalf or on behalf of the class.  (Docket No. 31 at 7-9).  They also argue that their conduct was privileged or immunized under the litigation privilege and/or Noerr-Pennington doctrine.  (Docket No. 31 at 9-12).  In addition, they argue that sanctions are appropriate because Shirokov insists on maintaining some claims that are clearly not legal causes of action.  (Docket No. 31 at 12).  Finally, they argue that Shirokov and his legal counsel's overall litigation strategy evidence their improper purpose for bringing and maintaining this case.  (Docket No. 31 at 13).  The Court disagrees.

First, this Court has already rejected the Dunlap Defendants' arguments with respect to standing, the Noerr-Pennington doctrine and the Massachusetts litigation privilege.  The Court recognizes that its findings and recommendations were made in the context of a motion to dismiss and that discovery may later prove that in fact any one of these doctrines bars Shirokov's claims.  Nevertheless, in this Court's opinion, none of these defenses presented the certain dismissal that the Dunlap Defendants portrayed in their motion to dismiss and their motion for sanctions.

Similarly, the law is not "simple and clear" that certain of Shirokov's claims are clearly not legal causes of action.  (Docket No. 31 at 12).  For example, this Court found that Shirokov may bring a cause of action for fraud on the copyright office to the extent that he seeks a declaration that Achte's copyright registration is invalid.  (Docket No. 79 at 54-55).  In addition, this Court recognized that courts are divided on the issue whether copyright misuse can be

brought as a claim for affirmative declaratory relief.  (Docket No. 79 at 56-57).  Accordingly, Shirokov's claims and arguments are not objectively unreasonable.

Finally, the Court finds that the Dunlap Defendants have not presented any evidence that Shirokov and his counsel brought this case for an improper purpose.  Taken as true, the allegations in the Complaint are troubling, whether or not there is an available legal remedy to the plaintiff.  Although this Court has recommended to the District Judge that most of the claims be dismissed, it has found that some of the claims ought to survive at this stage of the proceedings.  On the present record, this Court does not feel compelled to conclude that Shirokov's claims were totally frivolous, outrageous, or abusive to the judicial process. Accordingly, this Court recommends that the District Judge deny the motion for sanctions.

IV.     RECOMMENDATION

For the reasons stated herein, this Court recommends that the District Judge deny the Dunlap Defendants' motion for sanctions under Rule 11.

V.      REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir. 1999);

<u>Sunview Condo. Ass'n v. Flexel Int'l, Ltd.</u>, 116 F.3d 962 (1st Cir. 1997); <u>Pagano v. Frank</u>, 983

F.2d 343 (1st Cir.1993).

<u>/s/ Jennifer C. Boal</u>
JENNIFER C. BOAL
United States Magistrate Judge
