UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DMITRIY SHIROKOV, on behalf of himself and all others similarly situated

Plaintiff,

v.

DUNLAP, GRUBB & WEAVER, PLLC; US COPYRIGHT GROUP; THOMAS DUNLAP; NICHOLAS KURTZ; GUARDALEY, LIMITED; and ACHTE/NEUNTE Boll Kino Beteiligungs Gmbh & Co KG,

Defendants.

Case:1:10-cv-12043-GAO/JCB

**OBJECTIONS OF DEFENDANTS DUNLAP, GRUBB & WEAVER, PLLC, THOMAS DUNLAP, AND NICHOLAS KURTZ TO REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR RULE 11 SANCTIONS**

Defendants Dunlap, Grubb & Weaver, PLLC, Thomas Dunlap, and Nicholas Kurtz ("the defendants") respectfully submit the following objections to the Report and Recommendation on these defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 ("Rule 11 Report").

## I. PROCEEDINGS RELEVANT TO THE RULE 11 REPORT

The Plaintiff filed his original, 96 page, 456 paragraph Class Action Complaint, containing 25 counts, on November 24, 2010. The defendant attorneys became aware of the lawsuit via plaintiff's attorneys' public statements regarding the lawsuit and, prior to being served, prepared and served Defendants Dunlap, Grubb & Weaver, PLLC, Thomas Dunlap, and Nicholas Kurtz's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 ("Rule 11 Motion") on plaintiff's counsel in hand on December 9, 2010. Well after the twenty-one day safe harbor time period allowed under Rule 11 elapsed, with no response from the plaintiff, the defendant

attorneys filed that motion, concurrently with Defendants Dunlap, Grubb & Weaver, PLLC's, Thomas Dunlap's, and Nicholas Kurtz's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("First Motion to Dismiss"), which asserted grounds for dismissal that were consistent with those asserted in its Rule 11 motion, on January 25, 2011. See Docket Entries # 4-7.

Prior to responding to the Rule 11 Motion and the First Motion to Dismiss, on February 8, 2011, the plaintiff filed a 98 page, 418 paragraph First Amended Complaint containing 19 counts. See Docket Entry # 10. The First Amended Complaint omitted several counts that were included in the original Complaint, specifically, claims of civil liability predicated on violations of criminal laws. In addition, several other counts were reconstituted, presumably in order to address some of the issues raised in the defendant attorneys' motions. On February 22, 2011, the defendant attorneys filed a second motion to dismiss, accompanied by a renewed motion pursuant to Rule 11. *See* Docket Entries # 15, 17. On March 9, 2011, this Court granted leave to the plaintiff to file a 105 page, 433 paragraph Second Amended Complaint, containing 19 counts.

The defendant attorneys filed a third motion to dismiss related to the Second Amended Complaint, accompanied by a second renewed motion pursuant to Rule 11. *See* Docket Entries # 28, 30. Those motions were fully briefed, and on March 1, 2012, Magistrate Judge Boal issued her Reports and Recommendations. *See* Docket Entries # 28, 30. On the motions to dismiss, Magistrate Judge Boal recommended granting the motion to dismiss as to 11 of the 19 claims in plaintiff's Second Amended Complaint and denying that motion with respect to state law claims for fraud, negligence, and violation of the Massachusetts Consumer Protection Act. Docket Entry # 28. On the motion for sanctions, Magistrate Judge Boal recommended denying the motion. Docket Entry # 30.

## II. ARGUMENT

### A. Standard of Review of Report and Recommendation Pursuant to Fed. R. Civ. P. 72.

Where a party timely objects to a Magistrate Judge's recommendation regarding a dispositive motion, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "may accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. Rule 72(b)(3). When a party timely objects to a Magistrate Judge's recommendation regarding a nondispositive motion, the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. Rule 72(a). The defendants' successive Rule 11 motions sought monetary sanctions, as well as dismissal of the plaintiff's claims in their entirety. As such, the motions sought both dispositive and nondispositive relief.

### B. The Magistrate Judge Erred in Recommending that Defendants' Rule 11 Motion be Denied.

First, the Magistrate Judge failed to consider that plaintiff filed his First Amended Complaint in response to defendants' initial Rule 11 motion and motion to dismiss but clearly outside of the safe harbor. Further, the Magistrate Judge failed to consider that plaintiff sought leave to file his Second Amended Complaint in response to defendants' second Rule 11 motion and motion to dismiss.

Rather, the Magistrate Judge stated that because plaintiff filed his First Amended Complaint as of right, pursuant to Rule 15(a)(1)(B), and his Second Amended Complaint with leave of court, that the plaintiff's prior filings should not be considered under the Rule 11 standard. *See* Docket Entry # 80 at fn. 1. Such a rationale has no basis in law or practice. If a

plaintiff could avoid Rule 11 simply by filing an amended pleading within the expanded timeframe of Rule 15, then Rule 11 and the safe harbor provision would lose all meaning. The purpose of the safe harbor provision of Rule 11 is so that a defendant does not have to file the Rule 12 motion in the first place.

The Supreme Court has decided that voluntary dismissal cannot immunize a party from warranted sanctions. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). Contrary to the Magistrate Judge's recommendation, the same analysis should apply to a plaintiff who voluntarily amends outside of the Rule 11 safe harbor. *See Dennis v. Pan American World Airways, Inc.*, 746 F.Supp. 288, 291-292 (E.D.N.Y. 1990) (imposing Rule 11 sanctions regarding frivolous claims where plaintiff withdrew those claims in amended complaint after motion had been filed and where additional claims were not dismissed or found to be frivolous); *Ultra-Temp Corp. v. Advanced Vacuum Systems, Inc.*, 194 F.R.D. 378, 382 (D. Mass. 2000) ("First, it should be obvious that the requirement of a pre-filing investigation would be utterly meaningless if a party could file a complaint without having done the requisite investigation, do some discovery, and then file an amended complaint and thereby insulate itself from any possibility of being sanctioned for the failure to conduct a pre-filing investigation before filing the original claim.").

The fact that several of plaintiff's claims were withdrawn or substantially redrafted reveals that the plaintiff acknowledged the merits of the moving defendants' first Rule 11 Motion, First Motion to Dismiss, Renewed Rule 11 Motion, and Second Motion to Dismiss. Had plaintiff not alleged claims for which there were no basis in law or fact, defendants would not have had to incur the fees and costs to these motions. Therefore, plaintiff should be required

to reimburse defendants for, at least, the attorneys' fees and costs for having to file the first two Rule 11 motions and motions to dismiss.[1]

Second, the Magistrate Judge failed to consider that her Report and Recommendation on the motion to dismiss recommended dismissing a majority of plaintiff's claims. Not all of a complaint's claims must be frivolous for Rule 11 sanctions to be appropriate. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1363 (9th Cir. 1991) (en banc). Here, the claims the Magistrate Judge recommended dismissing are:[2]

Count 4: Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq.
Count 6: Violations of RICO, 18 U.S.C. § 1962(c)
Count 7: Conspiracy to Violate RICO, 18 U.S.C. § 1962(d)
Count 9: Fraud on the Court
Count 10: Abuse of Process
Count 12: Copyright Misuse
Count 14: Unjust Enrichment
Count 15: Money Had and Received
Count 16: Conversion
Count 17: Constructive Trust
Count 19: Malicious Prosecution

On Count 4, the Magistrate Judge correctly recommended that plaintiff had no reasonable basis to bring a claim under the Computer Fraud and Abuse Act and correctly noted that "Shirokov's allegations that he suffered damage or losses as a result of the alleged CFAA violations constitute nothing more than 'a formulaic recitation of the elements.'" Docket Entry # 79 at 40 (citing *Bell Atlantic Corp.*, 550 U.S. at 555. On Counts 6 and 7, the Magistrate Judge correctly found that "Shirokov has not alleged sufficient facts to establish that he suffered an injury under RICO," for which the case law, as pointed out to plaintiff in defendants' Rule 11 motion, is clear. *Id.* at 50.

---

[1] As the Court "mooted" prior motions filed by the defendants by Order dated March 9, 2011, *see* Docket Entry # 25, when it granted plaintiff leave to file the Second Amended Complaint, defendants respectfully request that the Court reconsider that Order to the extent necessary to consider the arguments raised in the First Rule 11 Motion.

[2] It should of course be noted that the Magistrate Judge recommended dismissing defendant Guardaley entirely from the case.

On Counts 9 and 12, the Magistrate Judge correctly found that these claims (fraud on the court, copyright misuse) are not even independent causes of action recognized at law. *Id.* at 53-57. On Counts 10 (abuse of process) and 19 (malicious prosecution), the Magistrate Judge correctly found that plaintiff did not, and cannot, plead facts sufficient to justify these claims, something readily apparent from the alleged facts and unequivocal case law. *Id.* at 57-59. Additionally, the Magistrate Judge correctly found that plaintiff's claims for unjust enrichment (Count 14), money had and received (Count 15), conversion (Count 16), and constructive trust (Count 17) were not justified because plaintiff never paid any money to defendants. *Id.* at 59-62. Again, the alleged facts and unequivocal case law show that such claims have no legitimate basis in this case, and plaintiff and his counsel have not set forth any reasonable basis for maintaining them.[3]

Overall, even if the Court adopts the Magistrate Judge's recommendation to keep some of plaintiff's claims, it cannot overlook the fact that a majority of plaintiff's claims should undoubtedly be dismissed and should have never been brought. Defendants brought the fundamental defects with these claims to plaintiff's attention from the outset, but plaintiff and his counsel have persisted in maintaining a kitchen sink approach to the claims alleged, resulting in an inefficient utilization of the Court's and defendants' time and resources.

Additionally, the Magistrate Judge failed to consider that plaintiff's pleadings and briefs made this case appear overly complex, causing defendants to incur additional attorneys' fees and costs that were not necessary. In the end, even if the Court adopts the Report and Recommendation on the motion to dismiss, plaintiff is left with nothing more than a fraud case.

[3] In fact, "Shirokov does not defend these claims on the merits." Docket Entry # 79 at 59. Rather, he asserted, without any legal support, that he did not need to state a cause of action to maintain those claims individually, if a member of the putative class might be able to assert such a claim. The Magistrate Judge correctly concluded that "Shirokov's claim in this respect is wrong." *Id.* at 59 n. 1.

Though fraud is required to be pled with particularity, such particularity does not require over 100 pages and over 400 paragraphs of pleading.

Each iteration of the plaintiff's pleadings was more prolix than the last: the original Complaint was 95 pages long and included 456 paragraphs of allegations, the First Amended Complaint was 98 pages long and included 418 paragraphs of allegations, and the Second Amended Complaint is 105 pages, contains 433 paragraphs of allegations, and consists of 19 counts. Each version has 16 separate exhibits. Plaintiff further burdened this Court and the defendants by filing multiple requests for replies and sur-replies. It appears that the plaintiff has filed this volume of pleadings and motions for the improper purpose of delaying the case, which has now been pending for approximately sixteen months.

Such a delay tactic is improper and sanctionable. *See Vakalis v. Shawmut Corporation,* 925 F.2d 34, 36 (1st Cir. 1991) (recognizing that the amended complaint violated Rule 11 because the plaintiffs had made only minimal efforts to correct the defects pointed out or to bring the prolix complaint into compliance with Rule 8); *see also Lasky v. Shearson Lehman Brothers Inc.*, 139 F.R.D. 597, 598 (S.D.N.Y. 1991) (holding that 73 page, 302 paragraph complaint violated Rule 8(a), noting that "unnecessary prolixity places an unjustified burden on the court and the responding party"); *see also United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, NO. 01-10583-DPW, 2003 U.S. Dist. LEXIS 8846 (D. Mass. Feb. 23, 2004) (noting that "complaint can be long-winded, even prolix, without pleading with particularity. Indeed, such a garrulous style is not an uncommon mask for an absence of detail.").

## III. CONCLUSION

Wherefore, the defendants respectfully request that the Court reject or modify the Report and Recommendation on Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and award attorneys' fees and expenses and such other further relief that the Court deems just and proper.

The Defendants,
Dunlap, Grubb & Weaver, PLLC,
Thomas Dunlap, and Nicholas Kurtz
By their counsel,

/s/ Kara Thorvaldsen
George C. Rockas BBO# 544009
Kara Thorvaldsen BBO# 660723
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
260 Franklin Street
Boston, MA 02110
(617) 422-5300

**Certificate Of Service**

I, Kara Thorvaldsen, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). I am not aware of any party who is a not a registered participant, and therefore electronic filing is the sole means of service of this document.

/s/ Kara Thorvaldsen