## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**DMITRIY SHIROKOV,**

                    **Plaintiff,**

**v.**                                                    **Case No. 1:10-cv-12043-GAO**

**ACHTE/NEUNTE Boll Kino**
**Beteiligungs Gmbh & Co KG, et al.,**

                    **Defendants.**

## DEFENDANTS DUNLAP, GRUBB & WEAVER, PLLC'S, THOMAS DUNLAP'S, NICHOLAS KURTZ'S AND U.S. COPYRIGHT GROUP'S ANSWER TO THE SECOND AMENDED COMPLAINT

Defendants Dunlap, Grubb & Weaver, PLLC, Thomas Dunlap, Nicholas Kurtz and U.S. Copyright Group, by and through undersigned counsel, hereby file this Answer and respond to the plaintiff's Second Amended Class Action Complaint ("Second Amended Complaint") (Docket Entry #26) as follows:

1.      These defendants deny the allegations contained in paragraph 1 of the Second Amended Complaint.

2.      These defendants deny, as phrased, the allegations contained in paragraph 2 of the Second Amended Complaint.

3.      Answering paragraph 3, these defendants admit that  "US Copyright Group" is a fictitious name registered by DGW in the Commonwealth of Virginia.  The remainder of the allegations, including the existence of a so-called "Copyright Scheme," are denied.

4.      These defendants admit the allegations contained in the first sentence and further that DGW shares evidence of infringement with certain of its clients.  The remainder of the allegations are denied.

5.      These defendants deny the allegations contained in paragraph 5 of the Second Amended Complaint.

6.      Answering paragraph 6, these defendants deny the allegations contained in the first sentence, admit the allegations contained in the second sentence, and deny, as phrased, the allegations contained in the third and fourth sentences of the Second Amended Complaint.

7.      Answering paragraph 7, these defendants admit the allegations of the first sentence except for the characterization "private information."  These defendants deny all remaining allegations contained in paragraph 7 of the Second Amended Complaint.

8.      These defendants deny the allegations contained in paragraph 8 of the Second Amended Complaint.

9.      Answering paragraph 9, 17 U.S.C. § 412 speaks for itself.  These defendants deny the remaining allegations contained in paragraph 9 of the Second Amended Complaint.

10.      These defendants deny the allegations contained in paragraph 10 of the Second Amended Complaint.

11.      As to themselves, these defendants deny the allegations contained in paragraph 11 of the Second Amended Complaint.

12.      These defendants deny the allegations contained in paragraph 12 of the Second Amended Complaint.

13.      These defendants deny the allegations contained in paragraph 13 of the Second Amended Complaint.

14.      The letter to plaintiff speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in that letter or refer to documents that were not directed to the plaintiff, those allegations are denied.

15.     These defendants deny the allegations contained in paragraph 15 of the Second Amended Complaint.

16.     These defendants deny the allegations contained in paragraph 16 of the Second Amended Complaint and more specifically deny that a certifiable class exists and/or that plaintiff is representative of any certifiable class.

17.     These defendants deny the allegations contained in paragraph 17 of the Second Amended Complaint and more specifically deny that a certifiable class exists and/or that plaintiff is representative of any certifiable class.

18.     Answering paragraph 18, the first sentence constitutes a conclusion of law to which no response is required.  To the extent that a response is deemed necessary, then the allegations are denied.  These defendants admit the allegations of the second sentence but deny those of the third sentence.

19.     These defendants deny the allegations contained in paragraph 19 of the Second Amended Complaint and more specifically deny that a certifiable class exists and/or that plaintiff is representative of any certifiable class.

20.     Answering paragraph 20, the first sentence constitutes a conclusion of law to which no response is required.  To the extent that a response is deemed necessary, then the allegations are denied, as are all remaining allegations in the paragraph.

21.     The allegations contained in paragraph 21 constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary the allegations are denied.

22.     These defendants deny the allegations contained in paragraph 22 of the Second Amended Complaint.

23.     These defendants deny the allegations contained in paragraph 23 of the Second Amended Complaint.

24.     These defendants deny the allegations contained in paragraph 24 of the Second Amended Complaint.

25.     These defendants deny the allegations contained in paragraph 25 of the Second Amended Complaint.

26.     These defendants deny the allegations contained in paragraph 26 of the Second Amended Complaint.

JURISDICTION AND VENUE

27.     Answering paragraph 27, the first two sentences are conclusions of law to which no response is required.  To the extent that a response is deemed necessary the allegations are denied.  These defendants deny the remaining allegations of paragraph 27 of the Second Amended Complaint.

28.     These defendants deny the allegations contained in paragraph 28 of the Second Amended Complaint.

29.     The allegations of paragraph 29 constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary the allegations are denied.

30.     The allegations of paragraph 30 constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary the allegations are denied.

31.     The allegations of paragraph 31 constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary the allegations are denied.

32.     These defendants deny the allegations contained in paragraph 32 of the Second Amended Complaint.

PARTIES

33.     These defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 33 of the Second Amended Complaint.

34.     These defendants admit the allegations contained in paragraph 34 of the Second Amended Complaint, however, defendant Dunlap Grubb & Weaver's address is no longer as alleged.

35.     Answering paragraph 35,  these defendants admit that "US Copyright Group" is a registered fictitious/trade name of DGW, but the remainder of the allegations are denied.

36.     These defendants admit the allegations contained in paragraph 36 of the Second Amended Complaint.

37.     These defendants admit the allegations contained in paragraph 37 of the Second Amended Complaint.

38.     Answering paragraph 38, these defendants are without sufficient knowledge or information to admit or deny the allegations in the first sentence and deny the remaining allegations.

39.     These defendants admit the allegations contained in paragraph 39 of the Second Amended Complaint.

LEGAL BACKGROUND

40.      The allegations of paragraph 40 constitute conclusions of law to which no response is required.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statute's provisions, those allegations are denied.

41.     The allegations of paragraph 41 constitute conclusions of law to which no response is required.   To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statute's provisions, those allegations are denied.

42.     The allegations of paragraph 42 constitute conclusions of law to which no response is required.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statute's provisions, those allegations are denied.

43.     The allegations of paragraph 43 constitute conclusions of law to which no response is required.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statute's provisions, those allegations are denied.

44.     The allegations of paragraph 44 constitute conclusions of law to which no response is required.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statute's provisions, those allegations are denied.

45.     17 U.S.C. § 412 speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statute's provisions, those allegations are denied.

46.     The allegations of paragraph 46 constitute conclusions of law to which no response is required.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statute's provisions, those allegations are denied.

47.     The allegations of paragraph 47 constitute conclusions of law to which no response is required.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statute's provisions, those allegations are denied.

48.     The allegations of paragraph 48 constitute conclusions of law to which no response is required. To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statute's provisions, those allegations are denied.

49.     The allegations of paragraph 49 constitute conclusions of law to which no response is required.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statute's provisions, those allegations are denied.

50.     The manual speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document, those allegations are denied.

51.     The allegations of paragraph 51 constitute conclusions of law to which no response is required.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document, those allegations are denied.

52.     The allegations of paragraph 52 constitute conclusions of law to which no response is required.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document, those allegations are denied.

53.     The allegations of paragraph 53 constitute conclusions of law to which no response is required.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in a document or statute, those allegations are denied.

54.     The allegations of paragraph 54 constitute conclusions of law to which no response is required.  To the extent that the paragraph contains allegations that erroneously interpret or mischaracterize the applicable law, then those allegations are denied.

55.     The allegations of paragraph 55 constitute conclusions of law to which no response is required.   To the extent that the paragraph contains allegations that erroneously interpret or mischaracterize the applicable law, then those allegations are denied.

56.     The allegations of paragraph 56 constitute conclusions of law to which no response is required.  To the extent that the paragraph contains allegations that erroneously interpret or mischaracterize the applicable law, then those allegations are denied.

57.     The allegations of paragraph 57 constitute conclusions of law to which no response is required.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in a document or statute, those allegations are denied.

## STATEMENT OF FACTS

58.     These defendants admit the allegations of the first sentence of paragraph 58, save for the term "special expertise."  They deny, as phrased, the remaining allegations.

59.     The web listings speak for themselves.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the listings, those allegations are denied.

60.     These defendants deny, as phrased, the allegations contained in paragraph 60 of the Second Amended Complaint.  Further answering, the website speaks for itself. To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made on the website, those allegations are denied.

61.     Answering paragraph 61, the website speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document, those allegations are denied.

62.     Answering paragraph 62, the website speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document, those allegations are denied.

63.     Answering paragraph 63, the website speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document, those allegations are denied.

64.     Answering paragraph 64, the website speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document, those allegations are denied.

65.     These defendants deny, as phrased, the allegations contained in paragraph 65 of the Second Amended Complaint.

66.     These defendants admit the allegations contained in paragraph 66 of the Second Amended Complaint.

67.     These defendants admit the allegations contained in paragraph 67 of the Second Amended Complaint.

68.     These defendants admit the allegations contained in paragraph 68 of the Second Amended Complaint.

69.     These defendants deny the allegations contained in paragraph 69 of the Second Amended Complaint.

70.     These defendants admit the allegations contained in paragraph 70 of the Second Amended Complaint.

71.     These defendants admit the allegations contained in paragraph 71 of the Second Amended Complaint.

72.     These defendants deny the allegations contained in paragraph 72 of the Second Amended Complaint.

73. Answering paragraph 73, these defendants admit the allegations contained in the first, second, third, sixth and seventh but deny the allegations of the fourth and fifth sentences.

74. These defendants deny the allegations contained in paragraph 74.

75. These defendants deny the allegations contained in paragraph 75.

76. These defendants deny the allegations contained in paragraph 76.

77. Answering paragraph 77, the referenced document/website speaks for itself. To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document/website, those allegations are denied.

78. These defendants deny, as phrased, the allegations contained in paragraph 78.

79. Answering paragraph 79, the referenced document/website speaks for itself. To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document/website, those allegations are denied.

80. These defendants deny, as phrased, the allegations contained in paragraph 80.

81. Answering paragraph 81, the referenced document/website speaks for itself. To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document/website, those allegations are denied.

82. These defendants deny, as phrased, the allegations contained in paragraph 82.

83. These defendants deny, as phrased, the allegations contained in paragraph 83.

84. These defendants deny, as phrased, the allegations contained in paragraph 84.

85. Answering paragraph 85, the referenced document/website speaks for itself. To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document, those allegations are denied.

86. These defendants deny, as phrased, the allegations contained in paragraph 86 of the Second Amended Complaint.

87.     These defendants deny, as phrased, the allegations contained in paragraph 87 of the Second Amended Complaint.

88.     Answering paragraph 88, these defendants deny the allegations contained in first and third sentences but admit the allegations of the second sentence, as of the filing date of the Second Amended Complaint.

89.     These defendants deny, as phrased, the allegations contained in paragraph 89 of the Second Amended Complaint.

90.     These defendants deny the allegations contained in paragraph 90 of the Second Amended Complaint.

91.     Answering paragraph 91, these defendants deny the first sentence and are without sufficient knowledge or information to admit or deny the allegations contained in the remaining sentences.

92.     Upon information and belief, the allegations of paragraph 92 are admitted.

93.     Answering paragraph 93, these defendants admit that no application for copyright registration had been filed in the U.S. prior to December 2009.  These defendants deny, as phrased, the remaining allegations.

94.     Answering paragraph 94, these defendants admit the allegations in the first sentence and deny the allegations in the second sentence.

95.     These defendants deny the allegations contained in paragraph 90 of the Second Amended Complaint.

96.     The allegations contained in paragraph 96 constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary the allegations are denied.

97.     These defendants deny the allegations contained in paragraph 97 of the Second Amended Complaint.

98.     These defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 98 of the Second Amended Complaint.

99.     These defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 99 of the Second Amended Complaint.

100.    These defendants deny the allegations contained in paragraph 100 of the Second Amended Complaint.

101.    These defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 101 of the Second Amended Complaint.

102.    These defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 102 of the Second Amended Complaint.

103.    These defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 103 of the Second Amended Complaint.

104.    These defendants deny, as phrased, the allegations contained in paragraph 104 of the Second Amended Complaint.

105.    These defendants deny the allegations contained in paragraph 105 of the Second Amended Complaint.

106.    These defendants deny, as phrased, the allegations contained in paragraph 106 of the Second Amended Complaint.

107.    The allegations of paragraph 107 constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, the allegations are denied as phrased.

108.     These defendants deny, as phrased, the allegations contained in paragraph 108 of the Second Amended Complaint.

109.     These defendants deny the allegations contained in paragraph 109 of the Second Amended Complaint.

110.     These defendants deny the allegations contained in paragraph 110 of the Second Amended Complaint.

111.     These defendants deny the allegations contained in paragraph 111 of the Second Amended Complaint.

112.     Answering paragraph 112, the registration speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document, those allegations are denied. 113.     These defendants deny the allegations contained in paragraph 113 of the Second Amended Complaint.

114.     These defendants deny the allegations contained in paragraph 114 of the Second Amended Complaint..

115.     These defendants deny the allegations contained in paragraph 115 of the Second Amended Complaint.

116.     These defendants deny the allegations contained in paragraph 116 of the Second Amended Complaint.

117.     These defendants deny the allegations contained in paragraph 117 of the Second Amended Complaint.

118.     Answering paragraph 118, the referenced website/form speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the website/form, those allegations are denied.

119.     These defendants deny the allegations contained in paragraph 119 of the Second Amended Complaint.

120.     Answering paragraph 120, the referenced document speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document, those allegations are denied. 121.        These defendants deny the allegations contained in paragraph 121 of the Second Amended Complaint.

122.     Answering paragraph 122, the referenced document speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document, those allegations are denied.  These defendants deny the remaining allegations of the paragraph.

123.     These defendants deny the allegations contained in paragraph 123 of the Second Amended Complaint.

124.     These defendants deny the allegations contained in paragraph 124 of the Second Amended Complaint.

125.     These defendants deny the allegations contained in paragraph 125 of the Second Amended Complaint.

126.     The allegations contained in paragraph 126 constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, the allegations are denied.

127.     The allegations contained in paragraph 127 constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, the allegations are denied.

128.     These defendants deny, as phrased, the allegations contained in paragraph 128 of the Second Amended Complaint.

129.    The allegations contained in paragraph 129 constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, the allegations are denied.

130.    The allegations contained in paragraph 130 constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, the allegations are denied.

131.    These defendants deny the allegations contained in paragraph 131.

132.    Defendant USCG denies the allegations contained in paragraph 132 of the Second Amended Complaint.  Defendants Dunlap Grubb & Weaver, Thomas Dunlap and Nicholas Kurtz, admit that, on behalf of their client, they have filed pleadings and motions with the Court in the referenced lawsuit.  Defendants Dunlap Grubb & Weaver, Thomas Dunlap and Nicholas Kurtz, admit that, on behalf of their client, they have served subpoenas and sent a letter to plaintiff within the context of the referenced lawsuit.

133.     These defendants deny the allegations contained in paragraph 133 of the Second Amended Complaint.

134.    These defendants admit the allegations contained in paragraph 134 of the Second Amended Complaint.

135.    These defendants admit the allegations contained in paragraph 135 of the Second Amended Complaint.

136.    These defendants admit the allegations contained in paragraph 136 of the Second Amended Complaint.

137.    These defendants deny the allegations contained in paragraph 137 of the Second Amended Complaint.

138.    Answering paragraph 138, these defendants' filings, on behalf of their client, speak for themselves.  To the extent that the allegations of this paragraph paraphrase or mischaracterize the defendants' submissions to the Court, those allegations are denied.  Further, these defendants deny that a certifiable class exists and/or that plaintiff is representative of any certifiable class.

139.    Answering paragraph 139, the referenced documents speak for themselves.  To the extent that the allegations of this paragraph paraphrase or mischaracterize the documents, those allegations are denied.

140.    Answering paragraph 140, the complaint in the underlying lawsuit speaks for itself.  To the extent that the allegations of this paragraph paraphrase or mischaracterize any of the defendants' submissions to the Court, those allegations are denied.

141.    Answering paragraph 141, the complaint in the underlying lawsuit speaks for itself.  To the extent that the allegations of this paragraph paraphrase or mischaracterize any of the defendants' submissions to the Court, those allegations are denied.

142.    These defendants admit the allegations contained in paragraph 142 of the Second Amended Complaint.

143.    Answering paragraph 143, the referenced documents speak for themselves.  To the extent that the allegations of this paragraph paraphrase or mischaracterize the documents, those allegations are denied.  Further, these defendants deny that a certifiable class exists and/or that plaintiff is representative of any certifiable class.

144.    Answering paragraph 144, the referenced documents speak for themselves.  To the extent that the allegations of this paragraph paraphrase or mischaracterize the documents, those allegations are denied.  Further, these defendants deny that a certifiable class exists and/or that plaintiff is representative of any certifiable class.

145.    Answering paragraph 145, the referenced documents speak for themselves.  To the extent that the allegations of this paragraph paraphrase or mischaracterize the documents, those allegations are denied.

146.    The allegations contained in paragraph 146 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

147.    These defendants deny the allegations contained in the first sentence of paragraph 147.  The remaining allegations constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, the allegations are denied.

148.    Answering paragraph 148, the referenced documents speak for themselves.  To the extent that the allegations of this paragraph paraphrase or mischaracterize the documents, those allegations are denied.

149.    The allegations contained in paragraph 146 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

-

150.    The allegations contained in paragraph 146 constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

151.    These defendants deny the allegations contained in paragraph 151 of the Second Amended Complaint.

152.    These defendants deny the allegations contained in paragraph 152 of the Second Amended Complaint.

153.    These defendants deny the allegations contained in paragraph 153 of the Second Amended Complaint.

154.    These defendants deny the allegations contained in paragraph 154 of the Second Amended Complaint.

155.    Answering paragraph 155, the referenced documents speak for themselves.  To the extent that the allegations of this paragraph paraphrase or mischaracterize the documents, those allegations are denied.

156.    These defendants deny the allegations contained in paragraph 156 of the Second Amended Complaint.

157.    These defendants deny the allegations contained in paragraph 157 of the Second Amended Complaint.

158.    These defendants admit the allegations contained in paragraph 158 of the Second Amended Complaint and clarify that defendant Kurtz, acting within the scope of his employment with defendant DGW, sent the letter to the plaintiff on behalf of co-defendant Achte.

159.    These defendants deny the allegations contained in paragraph 159 of the Second Amended Complaint.

160.    These defendants deny the allegations contained in paragraph 160 of the Second Amended Complaint.

161.    These defendants admit the allegations contained in paragraph 161 of the Second Amended Complaint.

162.    Answering paragraph 162, the referenced document speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document, those allegations are denied.

163.     Answering paragraph 163, the referenced document speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document, those allegations are denied.

164.     Answering paragraph 164, the first sentence is denied as phrased.  As to the remaining allegations, the referenced document speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document, those allegations are denied.

165.     Answering paragraph 165, the letter sent to plaintiff speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document, those allegations are denied.  These defendants deny, as phrased, the remaining allegations contained in paragraph 165.

166.     Answering paragraph 166, the referenced document speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document, those allegations are denied.

167.     Answering paragraph 167, the referenced document speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document, those allegations are denied.

168.     These defendants deny the allegations contained in paragraph 168 of the Second Amended Complaint.

169.     Answering paragraph 169, the letter sent to plaintiff speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document, those allegations are denied.  These defendants deny the remaining allegations contained in paragraph 169.

170.    Answering paragraph 170, the letter sent to plaintiff speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document, those allegations are denied.  These defendants deny the remaining allegations contained in paragraph 170.

171.    Answering paragraph 171, the letter sent to plaintiff speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document, those allegations are denied.  These defendants deny the remaining allegations contained in paragraph 171.

172.    Answering paragraph 172, the referenced decision speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document, those allegations are denied.

173.    These defendants deny the allegations contained in paragraph 173 of the Second Amended Complaint.

174.    These defendants deny the allegations contained in paragraph 174 of the Second Amended Complaint.

175.    The allegations of paragraph 175 constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, the allegations are denied.

176.    Defendants deny the allegations contained in paragraph 176 of the Second Amended Complaint.

177.    The allegations of paragraph 177 constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, the allegations are denied.

178.    These defendants deny the allegations contained in paragraph 178 of the Second Amended Complaint.

179.    Answering paragraph 179, the letter sent to plaintiff speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document, those allegations are denied.  These defendants deny the remaining allegations contained in paragraph 179.

180.    These defendants deny the allegations contained in paragraph 180 of the Second Amended Complaint.

181.    Answering paragraph 181, the letter sent to plaintiff speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document, those allegations are denied.  The remaining allegations constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary the allegations are denied.

182.    Answering paragraph 182, the letter sent to plaintiff speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document, those allegations are denied.  These defendants deny the remaining allegations contained in paragraph 182.

183.    Answering paragraph 183, the letter sent to plaintiff speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document, those allegations are denied.  These defendants deny the remaining allegations contained in paragraph 183.

184.    Answering paragraph 184, the letter sent to plaintiff speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the

statements made in the document, those allegations are denied.  These defendants deny the remaining allegations contained in paragraph 184.

185.    Answering paragraph 185, the letter sent to plaintiff speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document, those allegations are denied.  These defendants deny the remaining allegations contained in paragraph 185.

186.    These defendants deny, as phrased, the allegations contained in paragraph 186.

187.    Answering paragraph 187, the letter sent to plaintiff speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document, those allegations are denied.  These defendants deny the remaining allegations contained in paragraph 187.

188.    Answering paragraph 188, the letter sent to plaintiff and referenced websites speak for themselves.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document or websites, those allegations are denied.  These defendants deny the remaining allegations contained in paragraph 188.

189.    Answering paragraph 189, the letter sent to plaintiff and referenced websites speak for themselves.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document or websites, those allegations are denied.  These defendants deny the remaining allegations contained in paragraph 189.

190.    Answering paragraph 190, the letter sent to plaintiff and referenced websites speak for themselves.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document or websites, those allegations are denied.  These defendants deny the remaining allegations contained in paragraph 190.

191.     Answering paragraph 191, the letter sent to plaintiff and referenced websites speak for themselves.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document or websites, those allegations are denied.  These defendants deny the remaining allegations contained in paragraph 191.

192.     These defendants deny the allegations contained in paragraph 192 of the Second Amended Complaint.

193.     These defendants admit the allegations contained in paragraph 193 of the Second Amended Complaint.

194.     These defendants deny the allegations contained in paragraph 194 of the Second Amended Complaint.

195.     These defendants admit the allegations contained in the first sentence of paragraph 195.  The allegations contained in the second sentence of this paragraph constitute legal conclusions to which no response is required.  If a response is deemed necessary those allegations are denied.  These defendants deny all remaining allegations.

196.     Answering paragraph 196, the referenced document speaks for itself.  To the extent that the allegations of this paragraph paraphrase or mischaracterize that document, those allegations are denied.  Further, these defendants deny that a certifiable class exists and/or that plaintiff is representative of any certifiable class.  These defendants deny all remaining allegations in the paragraph.

197.     Answering paragraph 197, the referenced document speaks for itself.  To the extent that the allegations of this paragraph paraphrase or mischaracterize that document, those allegations are denied.  Further, these defendants deny that a certifiable class exists and/or that plaintiff is representative of any certifiable class.  These defendants deny all remaining allegations in the paragraph.

198.     These defendants admit the allegations contained in paragraph 198 of the Second Amended Complaint.

199.     These defendants deny the allegations contained in paragraph 199 of the Second Amended Complaint.

200.     These defendants deny the allegations contained in paragraph 200 of the Second Amended Complaint.

201.     These defendants deny the allegations contained in paragraph 201 of the Second Amended Complaint.

202.     These defendants deny, as phrased, the allegations contained in paragraph 202. These defendants further deny that a certifiable class exists and/or that plaintiff is representative of any certifiable class.

203.     These defendants deny the allegations contained in paragraph 203 of the Second Amended Complaint.

204.     Answering paragraph 204, the referenced document speaks for itself.  To the extent that the allegations of this paragraph paraphrase or mischaracterize that document, those allegations are denied.  Further, these defendants deny that a certifiable class exists and/or that plaintiff is representative of any certifiable class.

205.     Answering paragraph 205, the referenced document speaks for itself.  To the extent that the allegations of this paragraph paraphrase or mischaracterize that document, those allegations are denied.  Further, these defendants deny that a certifiable class exists and/or that plaintiff is representative of any certifiable class.

206.     These defendants deny the allegations contained in paragraph 206 of the Second Amended Complaint.

207.     Answering paragraph 207, the referenced document speaks for itself.  To the extent that the allegations of this paragraph paraphrase or mischaracterize that document, those allegations are denied.  Further, these defendants deny that a certifiable class exists and/or that plaintiff is representative of any certifiable class.  These defendants deny all remaining allegations in the paragraph.

208.     Answering paragraph 208, the referenced document speaks for itself.  To the extent that the allegations of this paragraph paraphrase or mischaracterize that document, those allegations are denied.  Further, these defendants deny that a certifiable class exists and/or that plaintiff is representative of any certifiable class.  These defendants deny all remaining allegations in the paragraph.

209.     Answering paragraph 209, the referenced document speaks for itself.  To the extent that the allegations of this paragraph paraphrase or mischaracterize that document, those allegations are denied.  Further, these defendants deny that a certifiable class exists and/or that plaintiff is representative of any certifiable class.  These defendants deny all remaining allegations in the paragraph.

210.     Answering paragraph 210, the referenced document speaks for itself.  To the extent that the allegations of this paragraph paraphrase or mischaracterize that document, those allegations are denied.  Further, these defendants deny that a certifiable class exists and/or that plaintiff is representative of any certifiable class.  These defendants deny all remaining allegations in the paragraph.

211.     Answering paragraph 211, the referenced document speaks for itself.  To the extent that the allegations of this paragraph paraphrase or mischaracterize that document, those allegations are denied.  Further, these defendants deny that a certifiable class exists and/or that

plaintiff is representative of any certifiable class.  These defendants deny all remaining allegations in the paragraph.

212.     Answering paragraph 212, the referenced document speaks for itself.  To the extent that the allegations of this paragraph paraphrase or mischaracterize that document, those allegations are denied.  Further, these defendants deny that a certifiable class exists and/or that plaintiff is representative of any certifiable class.  These defendants deny all remaining allegations in the paragraph.

213.     These defendants deny the allegations contained in paragraph 213 of the Second Amended Complaint.

214.     These defendants deny the allegations contained in paragraph 214 of the Second Amended Complaint.

215.     These defendants deny the allegations contained in paragraph 215 of the Second Amended Complaint.

216.     The pleading referenced in paragraph 216 speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the pleading, those allegations are denied.

217.     The pleading referenced in paragraph 217 speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the pleading, those allegations are denied.

218.     The pleadings/documents referenced in paragraph 218 speak for themselves.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in those pleadings/documents, those allegations are denied.  These defendants deny all remaining allegations.

219.    These defendants deny the allegations contained in paragraph 219 of the Second Amended Complaint.

220.    These defendants deny the allegations contained in paragraph 220 of the Second Amended Complaint.

221.    These defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 221 of the Second Amended Complaint.

222.    These defendants deny, as phrased, the allegations contained in paragraph 222 of the Second Amended Complaint.

223.    These defendants deny the allegations contained in paragraph 223 of the Second Amended Complaint.

224.    The declaration in paragraph 224 is not an allegation of fact.

225.    These defendants deny the allegations contained in paragraph 225 of the Second Amended Complaint.

226.    The declaration in paragraph 226 is not an allegation of fact.

227.    Answering paragraph 227, the letter sent to plaintiff speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements made in the document, those allegations are denied.

228.    These defendants deny the allegations contained in paragraph 228 of the Second Amended Complaint.

229.    These defendants deny the allegations contained in paragraph 229 of the Second Amended Complaint.

230.    These defendants deny the allegations contained in paragraph 230 of the Second Amended Complaint.

231.     These defendants deny the allegations contained in paragraph 231 of the Second Amended Complaint.

232.     Answering paragraph 232, these defendants admit the allegations contained in the first sentence.  They are without sufficient knowledge or information to admit or deny that plaintiff has borne costs of counsel, and therefore demand strict proof thereof.  These defendants deny the remaining allegations contained in paragraph 232.

233.     These defendants deny the allegations contained in paragraph 233 of the Second Amended Complaint.

234.     These defendants deny the allegations contained in paragraph 234 of the Second Amended Complaint.

235.     These defendants deny the allegations contained in paragraph 235 of the Second Amended Complaint.

236.     These defendants deny the allegations contained in paragraph 236 of the Second Amended Complaint.

237.     These defendants deny the allegations contained in paragraph 237 of the Second Amended Complaint.

238.     These defendants deny the allegations contained in paragraph 238 of the Second Amended Complaint.

239.     These defendants deny the allegations contained in paragraph 239 of the Second Amended Complaint and more specifically deny that a certifiable class exists and/or that plaintiff is representative of any certifiable class.

240.     These defendants deny the allegations contained in paragraph 240 of the Second Amended Complaint and more specifically deny that a certifiable class exists and/or that plaintiff is representative of any certifiable class.

241.     These defendants deny the allegations contained in paragraph 241 of the Second Amended Complaint and more specifically deny that a certifiable class exists and/or that plaintiff is representative of any certifiable class.

242.     These defendants deny the allegations contained in paragraph 242 of the Second Amended Complaint and more specifically deny that a certifiable class exists and/or that plaintiff is representative of any certifiable class.

243.     These defendants deny the allegations contained in paragraph 243 of the Second Amended Complaint and more specifically deny that a certifiable class exists and/or that plaintiff is representative of any certifiable class.

244.     These defendants deny the allegations contained in paragraph 244 of the Second Amended Complaint and more specifically deny that a certifiable class exists and/or that plaintiff is representative of any certifiable class.

245.     These defendants deny the allegations contained in paragraph 245 of the Second Amended Complaint and more specifically deny that a certifiable class exists and/or that plaintiff is representative of any certifiable class.

246.     These defendants deny the allegations contained in paragraph 246 of the Second Amended Complaint and more specifically deny that a certifiable class exists and/or that plaintiff is representative of any certifiable class.

247.     These defendants deny the allegations contained in paragraph 247 of the Second Amended Complaint and more specifically deny that a certifiable class exists and/or that plaintiff is representative of any certifiable class.

248.     These defendants deny the allegations contained in paragraph 248 of the Second Amended Complaint and more specifically deny that a certifiable class exists and/or that plaintiff is representative of any certifiable class.

249.    These defendants deny that they committed "wrongful acts," therefore these defendants deny the allegations contained in paragraph 249 of the Second Amended Complaint and more specifically deny that a certifiable class exists and/or that plaintiff is representative of any certifiable class.

250.    These defendants deny the allegations contained in paragraph 250 of the Second Amended Complaint and more specifically deny that a certifiable class exists and/or that plaintiff is representative of any certifiable class.

COUNT I – "FRAUDULENT MISREPRESENTATIONS"

251.    These defendants incorporate by reference their responses to paragraphs 1-250 of the Second Amended Complaint as if set forth in full herein.

252.    These defendants deny the allegations contained in paragraph 252 of the Second Amended Complaint.

253.    Answering paragraph 253, these defendants deny that they made false representations.  These defendants are without sufficient knowledge or information to admit or deny what others thought.

254.    Answering paragraph 254, these defendants deny that they made false representations.  These defendants are without sufficient knowledge or information to admit or deny what others thought.

255.    These defendants deny the allegations contained in paragraph 255 of the Second Amended Complaint.

256.    These defendants deny the allegations contained in paragraph 256 of the Second Amended Complaint.

257.    These defendants deny the allegations contained in paragraph 257 of the Second Amended Complaint.

258.     These defendants deny the allegations contained in paragraph 258 of the Second Amended Complaint.

259.     These defendants deny the allegations contained in paragraph 259 of the Second Amended Complaint.

260.     These defendants deny the allegations contained in paragraph 260 of the Second Amended Complaint.

261.     These defendants deny the allegations contained in paragraph 261 of the Second Amended Complaint.

COUNT II – "FRAUDULENT OMISSIONS/NONDISCLOSURE"

262.     These defendants incorporate by reference their responses to paragraphs 1-261 of the Second Amended Complaint as if set forth in full herein.

263.     These defendants deny the allegations contained in paragraph 263 of the Second Amended Complaint.

264.     These defendants deny the allegations contained in paragraph 264 of the Second Amended Complaint.

265.     These defendants deny the allegations contained in paragraph 265 of the Second Amended Complaint.

266.     These defendants deny the allegations contained in paragraph 266 of the Second Amended Complaint.

267.     These defendants deny the allegations contained in paragraph 267 of the Second Amended Complaint.

268.     These defendants deny the allegations contained in paragraph 268 of the Second Amended Complaint.

269.    These defendants deny the allegations contained in paragraph 269 of the Second Amended Complaint.

270.    These defendants deny the allegations contained in paragraph 270of the Second Amended Complaint.

271.    These defendants deny the allegations contained in paragraph 271 of the Second Amended Complaint.

272.    These defendants deny the allegations contained in paragraph 272 of the Second Amended Complaint.

COUNT III – "CONSPIRACY TO COMMIT FRAUD"

273.    These defendants incorporate by reference their responses to paragraphs 1-272 of the Second Amended Complaint as if set forth in full herein.

274.    These defendants deny the allegations contained in paragraph 274 of the Second Amended Complaint.

275.    These defendants deny the allegations contained in paragraph 275 of the Second Amended Complaint.

276.    These defendants deny the allegations contained in paragraph 276 of the Second Amended Complaint.

277.    These defendants deny the allegations contained in paragraph 277 of the Second Amended Complaint.

COUNT IV – "COMPUTER FRAUD & ABUSE ACT"

278 - 292.    The Court has dismissed this Count because it failed to state a claim upon which relief could be granted against these defendants, thus no response is required to these paragraphs.  To the extent necessary, the allegations of these paragraphs are denied.

COUNT V – "AIDING & ABETTING FRAUD"

293.    These defendants incorporate by reference their responses to paragraphs 1-292 of the Second Amended Complaint as if set forth in full herein.

294.    These defendants deny the allegations contained in paragraph 294 of the Second Amended Complaint.

295.    These defendants deny the allegations contained in paragraph 295 of the Second Amended Complaint.

296.    These defendants deny the allegations contained in paragraph 296 of the Second Amended Complaint.

## COUNT VI – "RICO"

297-326.    The Court has dismissed this Count because it failed to state a claim upon which relief could be granted against these defendants, thus no response is required to these paragraphs.  To the extent necessary, the allegations of these paragraphs are denied.

## COUNT VII – "CONSPIRACY TO COMMIT RICO"

327-334.    The Court has dismissed this Count because it failed to state a claim upon which relief could be granted against these defendants, thus no response is required to these paragraphs.  To the extent necessary, the allegations of these paragraphs are denied.

## COUNT VIII – "NEGLIGENT MISREPRESENTATIONS & OMISSIONS"

335.    These defendants incorporate by reference their responses to paragraphs 1-334 of the Second Amended Complaint as if set forth in full herein.

336.    These defendants do not have sufficient knowledge or information to admit or deny what other individuals thought.  These defendants deny all remaining allegations contained in paragraph 336.

337.    Answering paragraph 337, the referenced website speaks for itself.  To the extent that the paragraph contains allegations that paraphrase or mischaracterize any of the statements

made in that letter or refer to documents that were not directed to the plaintiff, those allegations are denied. These defendants deny all remaining allegations contained in paragraph 337. Defendant Kurtz specifically denies any involvement in the referenced website.

338.    These defendants deny the allegations contained in paragraph 338 of the Second Amended Complaint.

339.    These defendants deny the allegations contained in paragraph 339 of the Second Amended Complaint.

340.    These defendants deny the allegations contained in paragraph 340 of the Second Amended Complaint.

341.    These defendants deny the allegations contained in paragraph 341 of the Second Amended Complaint.

342.    These defendants do not have sufficient knowledge or information to admit or deny what other individuals thought.  These defendants deny all remaining allegations contained in paragraph 342.

343.    These defendants do not have sufficient knowledge or information to admit or deny what other individuals thought.  These defendants deny all remaining allegations contained in paragraph 343.

344.    These defendants do not have sufficient knowledge or information to admit or deny what other individuals thought.  These defendants deny all remaining allegations contained in paragraph 344. The defendants deny that a certifiable class exists and/or that plaintiff is representative of any certifiable class

345.    These defendants do not have sufficient knowledge or information to admit or deny what other individuals thought.  These defendants deny all remaining allegations contained

in paragraph 345. The defendants deny that a certifiable class exists and/or that plaintiff is

representative of any certifiable class

346.     These defendants deny the allegations contained in paragraph 346 of the Second

Amended Complaint.

## COUNT IX – "FRAUD ON THE COURT"

347-355.       The Court has dismissed this Count because it failed to state a claim upon

which relief could be granted against these defendants, thus no response is required to these

paragraphs.  To the extent necessary, the allegations of these paragraphs are denied.

## COUNT X – "ABUSE OF PROCESS"

356-365.       The Court has dismissed this Count because it failed to state a claim upon

which relief could be granted against these defendants, thus no response is required to these

paragraphs.  To the extent necessary, the allegations of these paragraphs are denied.

## COUNT XI – "FRAUD ON THE COPYRIGHT OFFICE"

366.     These defendants incorporate by reference their responses to paragraphs 1-365 of

the Second Amended Complaint as if set forth in full herein.

367.     These defendants deny the allegations contained in paragraph 367 of the Second

Amended Complaint.

368.     These defendants deny the allegations contained in paragraph 368 of the Second

Amended Complaint.

369.     These defendants deny the allegations contained in paragraph 369 of the Second

Amended Complaint.

370.     The first sentence of paragraph 370 constitutes a conclusion of law to which no

response is required.  To the extent that a response is deemed necessary, then the allegations are

denied, as are all remaining allegations in the paragraph.  These defendants deny the remaining allegations contained in paragraph 370 of the Second Amended Complaint.

371.    These defendants deny the allegations contained in paragraph 371 of the Second Amended Complaint.

372.    These defendants do not have sufficient knowledge or information to admit or deny what other individuals thought or would have done, and decline to speculate herein.  These defendants deny the remaining allegations contained in paragraph 372 of the Second Amended Complaint.

373.    These defendants deny the allegations contained in paragraph 373 of the Second Amended Complaint.

COUNT XII – "COPYRIGHT MISUSE"

374-383.       The Court has dismissed this Count because it failed to state a claim upon which relief could be granted against these defendants, thus no response is required to these paragraphs.  To the extent necessary, the allegations of these paragraphs are denied.

COUNT XIII – "CIVIL CONSPIRACY"

384.    These defendants incorporate by reference their responses to paragraphs 1-383 of the Second Amended Complaint as if set forth in full herein.

385.    These defendants deny the allegations contained in paragraph 385 of the Second Amended Complaint.

386.    These defendants deny the allegations contained in paragraph 386 of the Second Amended Complaint.

387.    These defendants deny the allegations contained in paragraph 387 of the Second Amended Complaint.

388.    These defendants deny the allegations contained in paragraph 388 of the Second Amended Complaint.

389.    These defendants deny the allegations contained in paragraph 389 of the Second Amended Complaint.

390.    These defendants deny the allegations contained in paragraph 390 of the Second Amended Complaint.

## COUNT XIV – "UNJUST ENRICHMENT"

391-396.    The Court has dismissed this Count because it failed to state a claim upon which relief could be granted against these defendants, thus no response is required to these paragraphs.  To the extent necessary, the allegations of these paragraphs are denied.

## COUNT XV – "MONEY HAD & RECEIVED"

397-401.    The Court has dismissed this Count because it failed to state a claim upon which relief could be granted against these defendants, thus no response is required to these paragraphs.  To the extent necessary, the allegations of these paragraphs are denied.

## COUNT XVI – "CONVERSION"

402-408.    The Court has dismissed this Count because it failed to state a claim upon which relief could be granted against these defendants, thus no response is required to these paragraphs.  To the extent necessary, the allegations of these paragraphs are denied.

## COUNT XVII – "CONSTRUCTION TRUST"

409-413.    The Court has dismissed this Count because it failed to state a claim upon which relief could be granted against these defendants, thus no response is required to these paragraphs.  To the extent necessary, the allegations of these paragraphs are denied.

## COUNT XVIII – "MA CONSUMER PROTECTION"

414.    These defendants incorporate by reference their responses to paragraphs 1-413 of the Second Amended Complaint as if set forth in full herein.

415.    These defendants deny the allegations contained in paragraph 415 of the Second Amended Complaint.

416.    These defendants deny the allegations contained in paragraph 416 of the Second Amended Complaint.

417.    These defendants deny the allegations contained in paragraph 417 of the Second Amended Complaint.

418.    These defendants deny the allegations contained in paragraph 418 of the Second Amended Complaint.

419.    These defendants deny the allegations contained in paragraph 419 of the Second Amended Complaint.

420.    These defendants deny the allegations contained in paragraph 420 of the Second Amended Complaint.

421.    These defendants deny the allegations contained in paragraph 421 of the Second Amended Complaint.

422.    These defendants deny the allegations contained in paragraph 422 of the Second Amended Complaint.

423.    These defendants deny the allegations contained in paragraph 423 of the Second Amended Complaint.

424.    These defendants deny the allegations contained in paragraph 424 of the Second Amended Complaint.

COUNT XIX – "MALICIOUS PROSECUTION"

425-433.      The Court has dismissed this Count because it failed to state a claim upon which relief could be granted against these defendants, thus no response is required to these paragraphs.  To the extent necessary, the allegations of these paragraphs are denied.

These defendants hereby deny any allegation contained in the Second Amended Complaint that was not specifically admitted or addressed above.

<u>AFFIRMATIVE DEFENSES</u>

These defendants hereby assert the following affirmative defenses:

<u>First Defense</u>

The remaining counts of the Second Amended Complaint fail to state claims against these defendants upon which relief can be granted.

<u>Second Defense</u>

The plaintiffs' claims are barred by the doctrine of *in pari delicto*.

<u>Third Defense</u>

The plaintiffs' claims are barred by the litigation privilege.

<u>Fourth Defense</u>

The plaintiffs' claims are barred by the *Noerr-Pennington* doctrine and/or the First Amendment's right to petition.

<u>Fifth Defense</u>

The plaintiffs' claims are barred by the doctrine of unclean hands.

<u>Sixth Defense</u>

The plaintiffs' claims are barred by estoppel and/or waiver.

<u>Seventh Defense</u>

The losses, injuries, and damages, if any, alleged were caused or contributed to by persons, entities, conditions, or events unrelated to, and/or not under the control of these defendants for which defendants cannot be held legally responsible.

### Eighth Defense

The plaintiffs' claims may be barred by the applicable statutes of limitations.

### Ninth Defense

The plaintiffs' claims are barred by the doctrines of accord and satisfaction.  In addition, the plaintiffs' claims are barred by prior binding agreements releasing all claims against all defendants.

### Tenth Defense

The plaintiffs failed to mitigate their damages.

### Eleventh Defense

Defendants hereby reserve the right to assert those defenses that may become known as a result of discovery or investigation of this matter and reserve the right to rely upon any and all defenses asserted by any other defendant to this matter.

### JURY TRIAL DEMAND

These defendants request a jury trial on all issues.

WHEREFORE, defendants Dunlap, Grubb & Weaver, PLLC, Thomas Dunlap, Nicholas Kurtz and U.S. Copyright Group, respectfully request that this Honorable Court dismiss the Second Amended Complaint with prejudice, enter judgment in their favor and that attorneys' fees and costs be awarded, and that the Court award such other and further relief as equity of this case shall require.

The Defendants,
Dunlap, Grubb & Weaver, PLLC,
US Copyright Group,
Thomas Dunlap, and Nicholas Kurtz
By their counsel,

/s/ Kara Thorvaldsen
George C. Rockas BBO# 544009
     Kara Thorvaldsen BBO# 660723
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
260 Franklin Street
Boston, MA 02110
(617) 422-5300

## Certificate Of Service

     I, Kara Thorvaldsen, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).  I am not aware of any party who is a not a registered participant, and therefore electronic filing is the sole means of service of this document.

/s/ Kara Thorvaldsen