UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-12043-GAO

DMITRIY SHIROKOV,
Plaintiff,

v.

DUNLAP, GRUBB & WEAVER PLLC, U.S. COPYRIGHT GROUP, THOMAS DUNLAP,
NICHOLAS KURTZ, and ACHTE/NEUNTE BOLL KINO
BETEILIGUNGS GMBH & CO. KG,
Defendants.

ORDER DENYING CLASS CERTIFICATION
March 26, 2013

O'TOOLE, D.J.

The Dunlap defendants are a law firm and two of its partners who specialize in copyright law. The Achte defendant is a German film production company that creates and distributes films internationally. The plaintiff alleges that the Dunlap defendants, in connection with defendants U.S. Copyright Group and Achte, developed a scheme to profit from allegations of copyright infringement of the Achte film "Far Cry," which was released in the United States in December 2008.

The defendants previously filed suit in the United States District Court for the District of Columbia against 2,094 anonymous individuals ("John Doe defendants") based on the internet protocol ("IP") addresses involved in the alleged infringement of the film. The complaint alleged mass online infringement of Far Cry and petitioned the court to issue subpoenas to Internet Service Providers ("ISPs") seeking the contact information of the alleged infringers. Plaintiff was identified as one of the John Doe defendants. Using this contact information, the Dunlap defendants then sent "litigation settlement demand" letters to the alleged infringers. Plaintiff

received a letter in May 2010, accusing him of infringing the copyright and demanding $1,500 to settle the claim, increasing to $2,500 if not paid promptly, under threat of impending litigation. The plaintiff alleges that the defendants ultimately had no intention of ever litigating these claims if the infringers did not pay the settlement amount. The plaintiff did not pay to settle the claims but rather retained counsel to advise him. He thus incurred attorney's fees as a result of having received the defendants' in order to determine the potential merit of the defendants' infringement claim and his potential litigation exposure.

The plaintiff has moved to certify a class of 4,577 persons who defendants allege infringed the Achte copyright prior to May 12, 2010, when the defendants filed the complaint in the District of Columbia. The proposed class would contain two subclasses -- first, a subclass of 917 persons who defendants allege infringed the Achte copyright prior to its claimed date of publication, November 24, 2009 and second, a subclass of all 3,644 persons (including the 917 members of the first subclass) who defendants allege infringed the Achte copyright prior to its effective date of registration, January 19, 2010. In total, the class contains 4,577 persons accused of infringing the copyright before May 12, 2010.

To obtain class certification, the plaintiff has the burden to establish the four requirements of Fed. R. Civ. P. 23(a), numerosity, commonality, typicality, and adequate representation, and one of the elements of 23(b). Smilow v. Southwestern Bell Mobile Systems, Inc., 323 F.3d 32, 38 (1st Cir. 2003). A named representative must both be a member of the class and "possess the same interest and suffer the same injury." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. ----, 131 S.Ct. 2541, 2550 (2011).

A class is sufficiently numerous if the class is so numerous that "joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). An exact calculation of the class members is not

required; rather, a court can draw reasonable inferences from the facts to find an approximate number. McCuin v. Sec. of Health & Human Servs., 817 F.2d 161, 167 (1st Cir. 1987). Generally, a class of at least 40 members is considered sufficiently numerous for Rule 23 purposes. Garcia-Rubiera v. Calderon, 570 F.3d 443, 460 (1st Cir. 2009) (citing Stewart v. Abraham, 275 F.3d 220, 226 (3rd Cir. 2001) ("generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met")). The proposed class easily satisfies this requirement. The First Amended Complaint filed in the District of Columbia identifies 4,577 alleged infringers of the Far Cry copyright. Even acknowledging defendants' argument that each IP address does not necessarily correlate to an individual class member, it is clear that the proposed class of infringers is sufficiently numerous to satisfy Rule 23(a)(1).

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." The commonality requirement requires the plaintiff to demonstrate that class members have suffered the same injury. Wal-Mart, 131 S.Ct. 2551. It is not enough that class members experience violation of the same provision of law. Id. Claims must be based on a common contention that is "capable of classwide resolution." Id. This means that the "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Id.

The plaintiff has not shown the necessary commonality as defined by Wal-Mart. In particular, plaintiff has not demonstrated that class members suffered the same injury. Some class members may have made the suggested settlement payment. Others, like the plaintiff, may have retained attorneys and thus incurred legal expenses but did not make a payment. Still others may simply have failed to respond to the demand letter in any way. Commonality is not satisfied

simply by the fact that the defendants targeted each member of the class; it must be shown that each member was injured in the same way. See id.

For essentially the same reasons, the requirements of Rule 23(a)(3) that the "claims or defenses of the representative parties" be "typical of the claims or defenses of the class," and of Rule 23(a)(4) that "the representative parties will fairly and adequately protect the interests of the class" are not met. The plaintiff claims to have been injured in that he incurred legal expenses as a result of the defendants' demand letter. This is different, and neither typical nor representative of the injury incurred by those who paid a settlement amount or of those who suffered no injury at all by simply not responding.

Since the plaintiff has failed to satisfy the requirements of Rule 23(a), it is not necessary to address Rule 23(b).

The Motion (dkt. no. 87) to Certify is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge