UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-12043-GAO

DMITRIY SHIROKOV,
Plaintiff,

v.

DULAP, GRUBB & WEAVER PLLC, U.S. COPYRIGHT GROUP, THOMAS DUNLAP,
NICHOLAS KURTZ, and ACHTE/NEUNTE BOLL KINO
BETEILIGUNGS GMBH & CO. KG,
Defendants.

ORDER
December 11, 2013

O'TOOLE, D.J.

The several pending discovery-related motions are resolved as follows:

1. The plaintiff's motion to compel and to extend discovery deadlines (dkt. no. 120) is DENIED. In the first place, the time for conducting discovery has expired. A deadline for the completion of discovery is a deadline for the *completion* of discovery, not a deadline for filing motions seeking additional discovery. The parties have had an adequate opportunity for discovery, and there is not a good reason for extending the deadline.

Moreover, the requested discovery does not appear to be particularly germane to the individual claim remaining in the case. The defendants apparently responded to earlier requests by producing documents. They say they have searched for additional responsive documents and have found none that have not been produced. The plaintiff seeks an order for the defendant to conduct a further search for electronically stored information. Federal Rule of Civil Procedure 26(b)(2)(C)(iii) is pertinent here:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: . . . (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

In light of the discovery that has already occurred, the amount reasonably in controversy on the plaintiff's individual claim, the expense of electronic discovery, and that the unlikely relevance of the requested discovery to the plaintiff's remaining claims, no further discovery is justified.

2. Similarly, since discovery is closed and will not be extended, the defendant's motion to compel further written discovery (dkt. no. 122) is likewise DENIED.

3. Before the discovery deadline, the defendants noticed the depositions of the plaintiff and members of his family. The plaintiff moved for a protective order (dkt. no. 116), and the defendants moved to compel the witnesses to appear for their depositions (dkt. no. 118). Because the defendants sought to take the depositions before the expiration of the deadline and they did not occur only because of the filing of the plaintiff's motion, the passing of the deadline does not have the same significance here as for the documentary discovery sought. However, at oral argument on these motions, defendants' counsel stated that the defendants would forego the depositions if all discovery was regarded as closed. In light of that waiver, the motion to compel (dkt. no. 118) is regarded as WITHDRAWN, and the plaintiff's related motion for a protective order is MOOT.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge