

March 21, 2014

Kara Thorvaldsen
617.422.5323 (direct)
Kara.Thorvaldsen@wilsonelser.com

<u>**Via CM/ECF**</u>

Honorable George A. O'Toole
United States District Judge
United States District Court for the
District of Massachusetts
1 Courthouse Way
Boston, Massachusetts 02210

  Re: *Shirokov v. Dunlap, Grubb & Weaver PLLC*
     U.S.D.C. D. Mass. No. 1:10-cv-012043-GAO
     <u>Our File No.:  09305.00037</u>

Dear Judge O'Toole:

Defendant Dunlap, Grubb & Weaver, PLLC ("DGW") respectfully submits this letter to the Court in order to  identify a recent decision issued by the United States Court of Appeals for the First Circuit in *Central Pension Fund of the Int'l Union of Operating Eng'rs & Participating Emplr. v. Ray Haluch Gravel Co.*, 2014 U.S. App. LEXIS 4485 (1st Cir. Mar. 11, 2014), as an additional relevant authority in support of its Response to Plaintiff's Petition For Fees and Costs ("Defendants' Response") (Docket Entry # 132).

In support of his Petition for Fees and Costs, the plaintiff argues that proportionality between the amount of the judgment and the amount of his attorneys' fees "is no longer an issue" under a lodestar analysis (Docket Entry 131 at p. 8).  Plaintiff's argument is not a correct statement of the law.

In *Central Pension Fund*, the First Circuit clarifies that once a lodestar amount is calculated, that amount "may be further adjusted based on other considerations," including "the degree of a prevailing party's success." *Id.* at *7. Although the First Circuit acknowledged that there is no requirement that fee awards be proportional to damage awards, the proportionality of the fee award is legitimately "one factor among many in determining the amount of fees." *Id.* at *9. The Court of Appeals reiterated the well settled principle that proportionality is appropriately considered, albeit not as the exclusive consideration,  in determining the amount of a fee award.  Consideration of proportionality is particularly appropriate in a case, such as this one, "that involves private parties and little articulated public interest in the judgment." *Id.* at *11-12 and n.4.

In addition, the Court noted that although the fee award reflected "an unusually large adjustment to the lodestar," it was appropriate in light of "not only the relatively modest size of the damage award but also the huge disparity between the amount of damages sought (nearly $200,000) and the much smaller amount of damage actually recovered $26,897.41)." *Id.* at *12. The disparity

260 Franklin Street, 14th Floor • Boston, MA 02110 • p 617.422.5300 • f 617.423.6917

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Washington, DC • West Palm Beach • White Plains
Affiliates:  Berlin • Cologne • Frankfurt • Munich • Paris

wilsonelser.com



- 2 -

between the relief sought and ultimately obtained is even greater in this case than it was in *Century Pension* Fund.  In paragraph 324 of his Second Amended Complaint, and in his prayer for relief, Mr. Shirokov sought, *inter alia*, restitution of "millions of dollars in inflated 'settlements,'" but ultimately agreed to the entry of a judgment in his favor, and the dismissal of the Dunlap Defendants other than DGW, in the amount of  $3,179.52.

DGW respectfully requests that the Court consider this recent controlling authority in reviewing the plaintiff's Petition for Fees and Costs and that the plaintiff's requested fee award be reduced as set forth in Defendants' Response. Thank you for your attention to this matter.

Very truly yours,

Wilson Elser Moskowitz Edelman & Dicker LLP

/s/ Kara Thorvaldsen
Kara Thorvaldsen

cc:     Counsel of Record (via CM/ECF)

1023328v.1